United States Court of Appeals,

Eleventh Circuit.

No. 94-8241.

Lebogang NKACOANG, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

May 16, 1996.

Petition for Review of an Order of the Board of Immigration Appeals (Georgia Case).

Before BIRCH, Circuit Judge, and CLARK and WEIS [*], Senior Circuit Judges.

CLARK, Senior Circuit Judge:

Petitioner seeks review of an adverse order issued by the Board of Immigration Appeals, which upheld the decision of an immigration judge (IJ) to deny petitioner's application for asylum or withholding of deportation. Petitioner also requests that, in the event we deny his petition for review, we extend or reinstate the thirty-day privilege of voluntary departure granted by the Board when it affirmed the IJ's determination that he was immediately deportable. For the reasons stated below, we uphold the Board's decision on asylum and withholding of deportation, and deny petitioner's alternate request regarding voluntary departure, without prejudice, for lack of jurisdiction.

Asylum and Withholding of Deportation

Lebogan Nkacoang, a citizen of the Union of South Africa, entered this country on a student visa in 1984. In 1989, he

_____

[*] Honorable Joseph F. Weis, Jr., Senior U.S. Circuit Judge for the Third Circuit, sitting by designation.

applied for asylum from alleged persecution based on political opinion under 8 U.S.C. § 1101(a)(42), 1158(a). Specifically, petitioner alleged that, before entering this country, he participated in anti-apartheid activities as a student and was affiliated with the Pan Africanist Congress (PAC), an organization that fought the government and its apartheid policies. He testified that, in the early 1970s, while a student, he was expelled from two separate high schools. In the first school, the entire student body was expelled for going on strike and refusing to attend classes. He was allowed to take the examination for his junior certificate, but was denied readmission because he was regarded as a troublemaker. In the second school, he was expelled because he was a leader of a student strike during which the school and the principal's car were burned. He was also arrested because of the arson, but was released after being held for one week. He then left South Africa to continue in his studies in Lesotho.

In Lesotho, petitioner claimed that he was recruited by both the PAC and the African National Congress (ANC) and chose the PAC because he thought it would be better at putting pressure on the minority white government. The PAC sent him to Tanzania where he completed high school and entered a university. He left Tanzania in 1983 to continue his studies in Europe, and then returned to Tanzania where he worked as a fellowship administrator in the PAC education department. While working in that position, petitioner developed a personality clash with his supervisor and became disturbed by the factional fighting within the PAC. He decided to go on with his life, and obtained a United Nations scholarship to

study at Tuskegee University.  He maintained that he is no longer actively involved or a member of the PAC, and is trying to disassociate himself from the PAC.

Following an evidentiary hearing, the IJ found that the government had taken no action against him "other than for his unlawful behavior in burning property at his high school," and described his departure from South Africa as a flight from "possible prosecution" rather than "perceived persecution."  The IJ concluded that petitioner had presented no evidence "which would lead a reasonable person to conclude that he would have a well-founded fear of persecution if he should return to South Africa," and, accordingly, denied all requested relief except voluntary departure.  The Board found the IJ's decision supported by the record, but extended petitioner's voluntary departure date thirty days from the date of its order.

An applicant for asylum must establish that he is (1) a "refugee" by showing either past persecution or a well-founded fear of persecution, 8 U.S.C. § 1101(a)(42)(A), and (2) entitled to asylum as a matter of discretion, 8 U.S.C. § 1158(a). An applicant for withholding of deportation must show a "clear probability of persecution[1]," or that he will more likely than not be persecuted if deported[2].  If an applicant is unable to meet the "well-founded fear" standard for asylum, he is generally precluded from

---

[1]*INS v. Stevic,* 467 U.S. 407, 413, 104 S.Ct. 2489, 2492, 81 L.Ed.2d 321 (1984).

[2]*INS v. Cardoza-Fonseca,* 480 U.S. 421, 430, 107 S.Ct. 1207, 1212, 94 L.Ed.2d 434 (1987).

qualifying for either asylum or withholding of deportation.[3]

A review of the record shows sufficient evidence to support the IJ's finding that petitioner was detained solely on the basis of his participation in the arson of his school and principal's car. Further, the record does not support petitioner's claim that the Board failed to consider "unrebutted testimony and written evidence" that the South African police are still pursuing him. Although petitioner submitted a letter, dated 1989, from his brother that stated that his family was visited by the South African police the day after they received a telephone call from him, the Board considered the letter and found it "insufficient corroboration" that the government had any ongoing interest in petitioner. The Board also noted that petitioner failed to present any evidence that the PAC persecutes its former members.

### Voluntary Departure

If this court affirms the Board, petitioner requests that this court reinstate the Board's 30 day grant of voluntary departure, thus not subjecting him to summary deportation upon issuance of the court's mandate. Respondent Immigration and Naturalization Service (I.N.S.) responds that statutory and regulatory authority vest the jurisdiction to reinstate or extend a grant of voluntary departure solely with the I.N.S. district director.

The Attorney General "may, in his discretion, permit any alien under deportation proceedings ... to depart voluntarily from the

---

[3]*See Kazlauskas v. INS,* 46 F.3d 902, 907 (9th Cir.1995); *Hadjimehdigholi v. INS,* 49 F.3d 642, 647 (10th Cir.1995).

United States at his own expense in lieu of deportation if such alien shall establish to the satisfaction of the Attorney General that he is, and has been, a person of good moral character for at least five years preceding his application for voluntary departure under this subsection."[4] Further, the Attorney General's "authority to extend the time within which to depart voluntarily specified initially by an immigration judge or the Board is within the sole jurisdiction of the district director.... (T)he district director's decision shall be served upon the alien and no appeal shall be taken from it."[5]

The courts of appeal have jurisdiction to review final orders of deportation[6], and the Supreme Court has held that jurisdiction to include all determinations "made during and incident to the administrative proceeding ..., such as orders denying voluntary departure...."[7] However, the issue here is not review of an order denying voluntary departure or suspension of deportation, but a request for reinstatement of the voluntary departure period. As the Tenth Circuit noted, none of the pertinent statutes "provide any basis whatsoever for this court to assume authority for affording the discretionary, administrative relief sought by the

---

[4]8 U.S.C. § 1254(e)(1); 8 U.S.C. § 1252(b).

[5]8 C.F.R. 244.2; also *see Nocon v. INS,* 789 F.2d 1028, 1033 (3rd Cir.1986) (finding that the BIA lacked authority to grant an extension for voluntary departure).

[6]8 U.S.C. § 1105a(a).

[7]*Foti v. INS,* 375 U.S. 217, 229, 84 S.Ct. 306, 314, 11 L.Ed.2d 281 (1963).

petitioner."[8]

This is an issue of first impression in this Circuit, and the circuit courts are split on this issue. The Seventh, Eighth, and Tenth Circuits have declined to consider the issue based on lack of jurisdiction.[9] Concerned that the I.N.S. might use its power to insulate its decisions from judicial review, the Seventh Circuit said that "should it come to our attention that the I.N.S. is wielding its discretion to withhold voluntary departure to deter applicants from seeking review of BIA decisions," scrutiny of that discretionary exercise might expand.[10] The Second and Tenth Circuits denied reinstatement without prejudice to renewal before the district director.[11] Although not reaching the issue because the immigrant had not requested an extension from the Board, the Fifth Circuit suggested that an alien facing an adverse deportation decision should request a voluntary departure period from the Board that would expire within a specified time after the Board's decision or the denial of a timely filed petition for review.[12]

Other circuits have granted an extension. The First Circuit,

---

[8]*Castaneda v. INS,* 23 F.3d 1576, 1580 (10th Cir.), *reh'g denied,* 33 F.3d 44 (1994).

[9]*Kaczmarczyk v. INS,* 933 F.2d 588, 597 (7th Cir.), *cert. denied,* 502 U.S. 981, 112 S.Ct. 583, 116 L.Ed.2d 608 (1991); *Alsheweikh v. INS,* 990 F.2d 1025, 1027 (8th Cir.1993); *Castaneda v. INS,* 23 F.3d at 1580.

[10]*Kaczmarczyk v. INS,* 933 F.2d at 598.

[11]*Ballenilla-Gonzalez v. INS,* 546 F.2d 515, 521–522 (2nd Cir.1976), *cert. denied,* 434 U.S. 819, 98 S.Ct. 58, 54 L.Ed.2d 75 (1977); *Sibanda v. INS,* No. 93-9574, 1994 WL 524973 (10th Cir. Sep. 27, 1994).

[12]*Faddoul v. INS,* 37 F.3d 185, 191–192 (5th Cir.1994).

noting that the appeal was neither meritless nor interposed solely for delay and the government had not suggested that it would present the district director with any other reason for refusing the reinstatement, directed the government to treat the voluntary departure period as beginning to run on the effective date of its mandate.[13]  The Fourth Circuit reinstated the thirty-day period for voluntary departure from the date of issuance of the mandate, noting that there was no evidence that the circumstances that originally entitled the immigrant to a voluntary departure had changed and the I.N.S. had not suggested that it would present the district director with any other reason for refusing reinstatement.[14]  The Ninth Circuit *en banc,* "viewing the award of voluntary departure as part of the deportation order," held that "the voluntary departure period does not expire until after our affirmance of the deportation order."[15]

We find the reasoning of the Tenth Circuit persuasive, and adopt the reasoning stated in *Castaneda v. INS* that, absent a Congressional empowerment to act, this court lacks jurisdictional authority to grant an extension.[16]

Here, the Board granted petitioner an extension within the February 4, 1994, decision dismissing his appeal from the denial of

---

[13]*Umanzor-Alvarado v. INS,* 896 F.2d 14, 15-16 (1st Cir.1990).

[14]*Ramsay v. U.S.I.N.S.,* 14 F.3d 206, 211-213 (4th Cir.1994).

[15]*Contreras-Aragon v. INS,* 852 F.2d 1088, 1096-1097 (9th Cir.1988).

[16]*Castaneda v. INS,* 23 F.3d at 1583.

his requests for asylum and withholding of deportation, stating that "the respondent is permitted to depart from the United States voluntarily within 30 days from the date of this order or any extension beyond that time as may be granted by the district director." Petitioner's petition for review was filed in this court on March 4, 1994, within the 30 days granted for departure, and stayed deportation pending the determination of the petition.[17] The request for reinstatement is, therefore, denied.[18]

## Conclusion

The order of the Board of Immigration Appeals is AFFIRMED, and petitioner's request for reinstatement of his period of voluntary departure is DENIED without prejudice to consideration of his request for an extension pending before the district director.

---

[17] 8 U.S.C. § 1105a(a)(3). Petitioner asserts that on the same day that he filed his petition for review, he also requested an extension of voluntary departure from the district director. No action has been taken on that request.

[18] The district director's decision on the request for extension of voluntary departure is reviewable in the district court. *See Castaneda,* 23 F.3d at 1579.