[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 05-13947
Non-Argument Calendar
_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 15, 2006
THOMAS K. KAHN
CLERK

Agency No. A96-437-573

ARIF TANVEER HAQUE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(March 15, 2006)**

Before DUBINA, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Arif Tanveer Haque, a native and citizen of Pakistan, petitions this Court to review the final order of the Board of Immigration ("BIA"), affirming and adopting the decision of the Immigration Judge ("IJ") not to grant a continuance of

his removal proceedings pending his request for a labor certification from the Department of Labor ("DOL"). On appeal, Haque argues that the district court erred by denying his motion for continuance after he filed a labor certification with the DOL, which was pending at the time of the removal proceedings.[1] Haque urges us to re-examine our decision in Zafar v. U.S. Att'y Gen., 426 F. 3d 1330 (11th Cir. 2005), which he recognizes is identical in all material respects to his case. More specifically, he suggests error in our Zafar opinion because we did not address Subhan v. Ashcroft, 383 F.3d 591 (7th Cir. 2004), in which the Seventh Circuit reversed the IJ's removal order after the IJ denied the petitioners' motion for a third continuance. We decline his invitation since, pursuant to our prior-precedent rule, we must follow Zafar and deny his petition for review

---

[1]Haque asks us to reinstate his period for voluntary departure, which expired on July 24, 2005, pursuant to the BIA's decision granting a 30-day extension running from the date of its decision. We cannot grant his request because we lack jurisdiction to do so. Haque did not file a motion to stay prior to expiration of his time for voluntary departure. See Bocova v. Gonzales, 412 F.3d 257, 267-68 (1st Cir. 2005) (holding that "petitioners must file a motion for a stay before the expiration of the period of voluntary departure allotted by the BIA" (emphasis added)). And we have held that we lack jurisdictional authority to grant an extension of the voluntary-departure period. See Nkacoang v. I.N.S., 83 F.3d 353, 357 (11th Cir. 1996). Nkacoang was decided prior to the effective date of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), but the amendments did not provide us with appellate authority to grant or extend voluntary departure. See generally, INA §§ 240B(f), 242(a)(2)(B)(i), 8 U.S.C. §§ 1229c(f), 1252(a)(2)(B)(i); see also Bocova, 412 F.3d 266 (post-IIRIRA) ("Reinstating an expired voluntary departure period is functionally equivalent to fashioning a new voluntary departure period; doing so would require the court to dictate both the length of the period and the time when it would begin to run (thus effectively overriding the Attorney General's decision). That would be an impermissible circumvention of Congress's will." (citations omitted)).

2

"The grant of a continuance is within the immigration judges' broad discretion," and, therefore, we review denials of continuance for an abuse of discretion. See Zafar, 426 F.3d at 1335. As we explained in Zafar:

> Section 245(i) of the INA, 8 U.S.C. § 1255(i)(1), permits a certain class of aliens who were otherwise ineligible to adjust their temporary resident status in the United States to pay a penalty fee for adjusting their status to that of a 'permanent resident' and be considered 'grandfathered' into the United States, if he is the 'beneficiary' of an application for labor certification that was properly filed by April 30, 2001, and was 'approvable when filed.' INA § 245(i)(1), 8 C.F.R. § 245.10(a)(1)(i)(B). 'Approvable when filed means that, as of the date of the filing,' the application for labor certification was 'properly filed, meritorious in fact, and non-frivolous. . .' 8 C.F.R. § 245.10(a)(3). Once the Attorney General receives the application for adjustment of status and the appropriate fee, he 'may' adjust the status if the alien 'is eligible to receive an immigrant visa and is admissible,' and 'an immigrant visa is immediately available to the alien at the time the application is filed.' INA 245(i)(2), 8 U.S.C. § 1255(i)(2). An immigrant visa cannot, however, be issued to the alien until the labor certification is approved. INA § 203(b)(3)(C), 8 U.S.C. § 1182(a)(5).

Id. at 1335-36 (emphasis in the original). We further held that because the petitioners were not certain to receive a labor certification, they could not demonstrate "that they had a visa petition immediately available to them," and, therefore, the IJ did not abuse his discretion in denying their motions to continue their removal proceedings. Id. at 1336.

Here, like the petitioner in Zafar, Haque was not certain to receive a labor certificate at the time of his request for a continuance. According to our

well-established prior-precedent rule, "[o]nly the Supreme Court or this Court sitting en banc can judicially override a prior panel decision." United States v. Wright, 392 F.3d 1269, 1280 (11th Cir. 2004) (internal quotations and citations omitted), cert. denied, 125 S. Ct. 1751 (2005); Walker v. Southern Co. Serv., Inc., 279 F.3d 1289, 1293-94 (11th Cir. 2002) (stating "the law of this circuit is 'emphatic' that only the Supreme Court or this court sitting en banc can judicially overrule a prior panel decision." (citation omitted)). Thus, pursuant to Zafar, we find no abuse of discretion in the IJ's denial of Haque's motion for a continuance, pending the issuance of a labor certification.[2] Accordingly, we deny the petition for review.

**PETITION DENIED.**

---

[2] Moreover, even if we could reconsider Zafar, which it is plain we cannot, Haque's reliance on the Subhan decision is misplaced as that case is readily distinguishable. In Subhan, the IJ granted the petitioners two continuances in an attempt to allow the pending certification to be processed by the Department of Labor, but after the second continuance expired, the IJ summarily denied a third. Subhan, 383 F.3d at 593. The Seventh Circuit held that because the IJ gave absolutely no reason for his denial, it was erroneous. Id. at 595. We observe that in Haque's case, the IJ did explain his reasoning for the denial, choosing to follow the "general rule . . . that you do not continue cases to allow forms of relief which are not presently mature to become so." The IJ's ruling was entirely consistent with our Zafar decision, which we are bound to follow.

4