[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-12949
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 13, 2006
THOMAS K. KAHN
CLERK

Agency No. A79-159-812

DESISLAV HRISTOV POPOV,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(October 13, 2006)**

Before DUBINA, CARNES and HULL, Circuit Judges.

PER CURIAM:

Desislav Hristov Popov, native and citizen of Bulgaria, petitions for review of the Board of Immigration Appeals' final order denying his applications for asylum, withholding of removal under the Immigration and Nationality Act (INA), and protection under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (CAT). We deny the petition.

## I.

Popov asserts that he left Bulgaria because he was being persecuted for his political views. Specifically, he claims that he received threatening phone calls, was attacked in a local park, and had his office (located in his apartment building) ransacked by the Bulgarian mafia, acting in conjunction with the government. He attributes these violent acts to some twenty to twenty-five articles he wrote and published in small newspapers, exposing the mistreatment of Roma gypsies in Bulgaria. Although Popov wrote the articles in question from 1996 through 2000, the threats did not begin until mid 2000. Many of his personal papers (including his copies of the published articles) were destroyed when his office was raided. Popov fled to the Bulgarian capital, Sofia, then traveled to Mexico, eventually crossing the United States' border on January 19, 2001.

Popov received a notice to appear before the IJ on January 31, 2001. The IJ

2

denied his applications on November 3, 2005. In its own opinion on April 28, 2006, the BIA affirmed the IJ's decision and dismissed Popov's appeal. Agreeing with much of the IJ's reasoning, the BIA found that Popov could not sustain the "reasonable probability" standard of proof required for asylum much less the more stringent "more likely than not" standard required to withhold removal or recognize a CAT application. The BIA determined that Popov could not sufficiently link the violent acts perpetrated against him to the Bulgarian government or a group the government was unable or unwilling to control. Thus, Popov could not establish himself as a "refugee" for his asylum application; he could not show a clear probability of persecution for his withholding of removal application; and he could not demonstrate that it was more likely than not that he would be tortured on his return to Bulgaria for his CAT application.

**II.**

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Insofar as the BIA adopts the reasoning of the IJ, this Court also reviews the decision of the IJ. Id. Here the BIA issued its own decision, but adopted some of the reasoning of the IJ. So both are reviewed.

We review de novo the BIA's legal conclusions. D-Muhumed v. United

3

States Att'y Gen., 388 F.3d 814, 817 (11th Cir. 2004). We review the BIA's factual determinations under the substantial evidence test and affirm its decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. at 817–18 (quoting Al Najjar, 257 F.3d at 1283–84) (quotations omitted). The substantial evidence test is "deferential" and does not allow us to "re-weigh the evidence from scratch." Mazariegos v. United States Att'y Gen., 241 F.3d 1320, 1323 (11th Cir. 2001) (quotations omitted). "To reverse the IJ's fact findings, we must find that the record not only supports reversal, but compels it." Mendoza v. United States Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003).

First, Popov contends that he meets the threshold definition of a "refugee" and is therefore entitled to asylum protection. He claims that he exposed Bulgaria's widespread discrimination against the Roma culture and was therefore persecuted by the Bulgarian mafia. He argues that because the IJ found him to be a credible witness, his testimony was sufficient to establish his status as a "refugee." We disagree.

As a matter of discretion, an IJ may grant an alien asylum if he meets the INA's definition of a "refugee." See 8 U.S.C. § 1158(b)(1)(A). A refugee is defined as:

4

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . .

8 U.S.C. § 1101(a)(42)(A). The asylum applicant carries the burden of proving refugee status, see Al Najjar, 257 F.3d at 1284, and he can do so by showing that persecution is a "reasonable probability." INS v. Cardoza-Fonseca, 480 U.S. 421, 440, 107 S. Ct. 1207, 1217 (1987). Thus, to merit asylum protection, the alien must offer specific and credible evidence under the "reasonable probability" standard to establish (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause future persecution. 8 C.F.R. § 208.13(a), (b). "Demonstrating such a connection requires the alien to present specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution on account of" a statutory factor. Al Najjar, 257 F.3d at 1287 (citations and quotation marks omitted).

We agree with the BIA that Popov has failed to meet his burden. He has not shown that he was persecuted or has a well-founded fear of persecution because of his political opinions. Although his testimony may be credible, he cannot link the acts of violence committed against him to the Bulgarian government or any group that it is unable or unwilling to control. He cannot identify who actually

5

threatened or assaulted him, preventing us from connecting his political views to the violent conduct. There is almost a four year gap between the first publication of Popov's articles and the attacks, discrediting his assertion that the two are linked. We find that the BIA's factual determination that Popov failed to sustain his burden of proof was reasonable and supported by the record. Popov's testimony was weak, and regardless of his credibility, it was in need of further corroboration. Yang v. United States Att'y Gen., 418 F.3d 1198, 1201 (11th Cir. 2005). The BIA properly dismissed this claim.

Because Popov cannot sustain the lesser burden of proof required for his asylum application, he cannot withstand the "more likely than not" standard attributed to both a withholding of removal and a CAT application. As to his request that removal be withheld, "[a]n applicant for withholding of deportation must show a 'clear probability of persecution,' or that he will more likely than not be persecuted if deported. If an applicant is unable to meet the 'well-founded fear' standard for asylum, he is generally precluded from qualifying for either asylum or withholding of deportation." Nkacoang v. INS, 83 F.3d 353, 355 (11th Cir. 1996) (internal citations omitted). Thus, because Popov was not entitled to asylum, the denial of the withholding of removal was also proper.

Additionally, "[i]n making out a claim under CAT, '[t]he burden of proof is

6

on the applicant . . . to establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal.'" Al Najjar, 257 F.3d at 1303 (quoting 8 C.F.R. § 208.16(c)(2) (2001)). We have previously held that where an applicant "failed to demonstrate a 'well-founded fear of persecution' sufficient to support an asylum claim, they likewise cannot establish 'torture' sufficient to warrant relief under CAT." Id. Consequently, the CAT claim was properly denied as well.

**PETITION DENIED.**