[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 30, 2006
THOMAS K. KAHN
CLERK

----------------------------------------
No. 05-13388
Non-Argument Calendar
----------------------------------------

Agency  No. A96-437-610

AHMED HESHAM YOUSSEF RAGHEB,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

----------------------------------------
Petition for Review of a Decision of the
Board of Immigration Appeals
----------------------------------------

**(October 30, 2006)**

Before EDMONDSON, Chief Judge, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Ahmed Hesham Youssef Ragheb, a native and citizen of Egypt, petitions for

review of the order of the Board of Immigration Appeals ("BIA") affirming the

order of the immigration judge ("IJ") denying his motion to continue his removal proceedings. No reversible error has been shown; we deny Ragheb's petition.

Ragheb argues that the IJ erred in denying his motion for a continuance because he had a labor certification pending when the IJ reviewed his motion.[1] He urges us to reconsider our decision in Zafar v. U.S. Attorney Gen., 426 F.3d 1330, 1334-36 (11th Cir. 2005), in the light of an earlier Seventh Circuit decision, Subhan v. Ashcroft, 383 F.3d 591 (7th Cir. 2004), which reversed a removal order because the IJ did not provide sound reasons for denying a motion for a continuance.

After the parties filed their briefs in this case, we vacated our original decision and opinion in Zafar and substituted in its place a new opinion and decision, which reaches the same result as the original Zafar decision but addresses certain claims more fully.[2] See Zafar v. U.S. Attorney Gen., 461 F.3d 1357, 1358 (11th Cir. 2006). In addition, we decided Merchant v. U.S. Attorney

---

[1] In his motion, Ragheb also explained that his wife was the beneficiary of an I-130 petition that had been filed by her brother, who is a United States citizen. On appeal, Ragheb notes that this I-130 petition acts to grandfather him under section 245(i) of the Immigration and Naturalization Act ("INA"), which provides for adjustment of an alien's status; but he does not argue that his removal proceedings should have been continued based on the I-130 petition. Therefore, Ragheb has abandoned argument about not continuing his removal proceedings based on the pending I-130 petition. See Sepulveda v. U.S. Attorney Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (explaining that petitioner abandons issue by failing to offer argument on that issue).

[2] All subsequent references to our opinion in Zafar relate to the substituted opinion in that case.

Gen., 461 F.3d 1375 (11th Cir. 2006), which also discusses the issue raised in this case.

Here, we review the IJ's decision, not the BIA's, because the BIA affirmed the IJ's decision without an opinion. See Mendoza v. U.S. Attorney Gen., 327 F.3d 1283, 1284 n.1 (11th Cir. 2003). We review the IJ's decision to deny Ragheb's motion for a continuance for abuse of discretion. Zafar, 461 F.3d at 1358.

In Zafar, petitioners moved to continue their removal proceedings while awaiting pending labor certifications from the Department of Labor ("DOL"). Id. We explained how a labor certification could affect petitioners' status:

> [A]liens who were in the United States as of December 21, 2000, and applied for labor certificates on or before April 30, 2001 . . . may apply to the Attorney General for adjustment of status under [8 U.S.C.] § 1255(i). . . . [But the] mere filing of a labor certificate application with the DOL does not make an alien eligible for adjustment of status under § 1255(i). Rather, there are two additional and more difficult statutory eligibility requirements in [section] 1255(i) that must also be met. . . . Accordingly, to be eligible for adjustment of status under [section] 1255(i), (1) the alien must be eligible to receive an immigrant visa and (2) an immigrant visa must be immediately available.

Id. at 1363.

We concluded in Zafar that it was not an abuse of discretion for the IJ to deny petitioners' motion to continue their removal proceedings because, at the

3

time of their removal hearings, petitioners did not meet either requirement of section 1255(i) to be eligible for adjustment of status. Id. at 1363-64. But in Merchant v. U.S. Attorney General, we determined that, where a petitioner had an approved labor certification and then had filed a Form I-140 (petition for visa) and a Form I-485 (application for adjustment of status), the petitioner was eligible for an adjustment of status under section 1255(i). Merchant, 461 F.3d at 1377-79.

In this case, Ragheb acknowledges that he filed his application for a labor certification on or about 24 March 2003. For an alien to receive an adjustment of status because the alien is the beneficiary of a labor certificate application, the application must be filed on or before 30 April 2001. See 8 U.S.C. § 1255(i)(1)(B)(ii); Zafar, 461 F.3d at 1363 (explaining that the "original sunset date for applications for labor certifications under [section] 1255(i) was 1997, but it was extended several times, with April 30, 2001, being the final cutoff date"). Therefore, Ragheb filed his labor certificate application too late to be eligible for an adjustment of status under 8 U.S.C. § 1255.

Even if Ragheb had filed his application for a labor certificate on or before 30 April 2001, he, like the petitioners in Zafar and unlike the petitioners in Merchant, had applied for -- but had not received -- a labor certification when he filed his motion for a continuance; so he only could offer the IJ speculation that he

4

would receive a labor certification at some point in the future. Therefore, the IJ did not abuse his discretion in denying Ragheb's motion for a continuance.[3]

Ragheb also argues that we should reinstate or extend his voluntary departure period. In its order affirming the IJ's decision, the BIA granted Ragheb a 30-day voluntary departure period, which expired in June 2005. We do not have jurisdiction to reinstate or extend this period. See Nkacoang v. I.N.S., 83 F.3d 353, 357 (11th Cir. 1996) (explaining that, "absent a Congressional empowerment to act," we lack jurisdictional authority to grant an extension or reinstatement of the voluntary departure period). Although we decided Nkacoang before the effective date of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), the IIRIRA did not provide us with authority to grant or extend voluntary departure; so we continue to follow Nkacoang's conclusion on this issue. See id.; see generally INA § 240B(f), 8 U.S.C. § 1229c(f) (provision of IIRIRA providing that "[n]o court shall have jurisdiction over an appeal from denial of a request for an order of voluntary departure . . . , nor shall any court order a stay of an alien's removal pending consideration of any claim with respect to voluntary departure.").

PETITION DENIED.

---

[3]We decline Ragheb's request to reconsider Zafar. See Walker v. Southern Co. Servs., Inc., 279 F.3d 1289, 1293-94 (11th Cir. 2002) (explaining that only the Supreme Court or this Court sitting en banc can overrule a prior panel decision).