[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15524
Non-Argument Calendar
_____

Agency No. A200-042-042

MISKA BESNIK,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(July 23, 2014)

Before TJOFLAT, JORDAN and FAY, Circuit Judges.

PER CURIAM:

Besnik Miska,[1] is a native and citizen of Albania.  He was admitted to the

United States under the Visa Waiver Program on November 5, 2005.[2]  He petitions

this court to review the final order of the Board of Immigration Appeals ("BIA")

affirming the Immigration Judge's ("IJ") denial of his application for asylum and

withholding of removal.  His petition presents two issues: (1) whether substantial

evidence supports the IJ's and BIA's determination that he failed to demonstrate a

well-founded fear of future persecution; (2) whether the BIA erred in failing to

consider his claim for humanitarian asylum.  We deny his petition.

I.

We review the decision of the BIA as well as any portions of the IJ's opinion

that the BIA expressly adopted.  *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341,

1350 (11th Cir. 2009).  We review the IJ's decision to the extent that the BIA

expressly agrees with the IJ's reasoning.  *Id.*  We review the BIA's conclusions of

---

[1] The case styling reflects that the petitioner's name is "Miska Besnik," though the record makes clear that the petitioner's name is "Besnik Miska."

[2]  Under the Visa Waiver Program, aliens from certain countries are permitted to visit the United States for 90 days or less without a visa. See Immigration and Nationality Act ("INA") § 217(a). Under section 217(b)(2) of the INA, 8 U.S.C. § 1187(b)(2), Visa Waiver Program applicants agree to waive any challenge to their removal. Thus, they are not entitled to removal proceedings under section 240, 8 U.S.C. § 1229a. 8 C.F.R. § 1208.2(c)(1)(iii). Applicants are, however, permitted to apply for asylum, withholding of removal, and CAT protection. INA § 217(b)(2), 8 U.S.C. § 1187(b)(2). Applicants may pursue their asylum application before an immigration judge in "asylum only"proceedings, and the court retains jurisdiction to review such proceedings. See *Nreka v. U.S. Att'y Gen.*, 408 F.3d 1361, 1366-68 (11th Cir. 2005).
In the proceedings below, Miska sought CAT protection.  In the brief he filed in support of his petition for review, he abandoned the claim.  We therefore make no reference to the claim.

law *de novo* but its factual findings under the substantial evidence test. *Kazemzadeh*, 577 F.3d at 1350. In determining whether substantial evidence supports the decision at hand, our review is highly deferential. *Id.* at 1351. That is, we must not reweigh the importance the BIA attributed to the evidence in the record. *Djonda v. U.S. Att'y Gen.*, 514 F.3d 1168, 1175 (11th Cir. 2008). We take that evidence in the light most favorable to the BIA' decision, drawing all reasonable inferences in favor of that decision, and reverse its findings of fact only when the record compels a reversal. *Id.* Thus, the "mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Id.* (quotation omitted). In sum, we must affirm the BIA's decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *D-Muhumed v. U.S. Att'y Gen.,* 388 F.3d 814, 818 (11th Cir. 2004) (quotation omitted).

An alien who is present in the United States may apply for asylum. Immigration and Nationality Act ("INA") § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Attorney General[3] has the discretion to grant asylum if the alien meets his burden of proving his status as a "refugee." INA § 208(b)(1)(A), 8 U.S.C. § 1158(b)(1)(A); 8 C.F.R. § 208.13(a); *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). A "refugee" is, in relevant part, any person outside the country of

---

[3] Our references to the Attorney General are to the Secretary of the Department of Homeland Security as well.

his nationality, who is "unable or unwilling to return to, and is unable or unwilling to avail himself . . . of the protection of, that country because of persecution or a well-founded fear of persecution on account of" a protected ground.  INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A).

An asylum applicant must establish either: "(1) past persecution on account of a statutorily protected ground or (2) a well-founded fear of future persecution on account of a protected ground." *Li Shan Chen v. U.S. Att'y Gen.*, 672 F.3d 961, 964 (11th Cir. 2011) (quotation omitted).  An applicant establishes eligibility for asylum based on a well-founded fear of future persecution if he demonstrates that he has a subjectively genuine and objectively reasonable fear of persecution.  *Silva v. U.S. Att'y Gen.*, 448 F.3d 1229, 1236 (11th Cir. 2006).  If the applicant demonstrates past persecution on account of a protected ground, there is a rebuttable presumption that he has a well-founded fear of future persecution.  *Tan v. U.S. Atty. Gen.*, 446 F.3d 1369, 1375 (11th Cir. 2006).  The Attorney General may rebut this presumption if it shows by a preponderance of the evidence that there has been a fundamental change in circumstances in the applicant's home country such that the applicant no longer has a well-founded fear of persecution on account of a protected ground: race, religion, nationality, membership in a particular social group, or political opinion.  *Antipova v. U.S. Att'y Gen.*, 392 F.3d 1259, 1264 (11th Cir. 2004); 8 C.F.R. § 208.13(b)(1)(i)(A).

Although there is no bright line rule for what constitutes a fundamental change in circumstances, the change must be one that is sufficient to rebut the presumption that the applicant's life or freedom would be threatened upon returning to his home country. *Imelda v. U.S. Att'y Gen.*, 611 F.3d 724, 729 (11th Cir. 2010). The BIA is permitted to rely heavily on Department of State reports when making this determination, as long as the BIA does not fail to account for the applicant's unique circumstances. *Id.* at 728-29.

To obtain withholding of removal, an applicant must establish that his "life or freedom would be threatened in that country because of [her] race, religion, nationality, membership in a particular social group, or political opinion." INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A). An applicant for withholding of removal must show a "clear probability of persecution," or that he will more likely than not be persecuted if deported. *Nkacoang v. INS,* 83 F.3d 353, 355 (11th Cir. 1996). This standard is more stringent than the "well-founded fear of future persecution" required for asylum. *Tan*, 446 F.3d at 1375. Accordingly, if an applicant is unable to meet the "well-founded fear" standard for asylum, he is generally precluded from qualifying for either asylum or withholding of removal. *Nkacoang*, 83 F.3d at 355.

Substantial evidence supports the BIA and the IJ's conclusion that Miska failed to establish a well-founded fear of future persecution because the Attorney

5

General had shown a fundamental change in the conditions in Albania. The 2010 Humanitarian Report states that that there were no reports of arbitrary or unlawful killings by the government, there were no reports of politically motivated disappearances, and political parties operated without restriction or outside interference. Moreover, the 2010 Guidance Note states that the Democratic Party, Miska's former party, is in power, a number of political parties operate throughout the country, political parties operate without restrictions or outside interference, political parties are able to register and contest elections, there is no evidence of persecution, and those claiming to face persecution can seek protection from authorities or relocate internally. The record does not compel a finding that the Attorney General failed to rebut the presumption that Miska's life or freedom would be threatened upon returning to his home country. *Imelda*, 611 F.3d at 729. Accordingly, we deny the petition to the extent that Miska challenges the IJ and the BIA's determination that he failed to demonstrate a well-founded fear of future persecution.

## II.

We generally review only the decision of the BIA if it is the final agency decision. *Al Najjar*, 257 F.3d at 1284. We consider a question of subject matter jurisdiction *de novo*. *Kazemzadeh*, 577 F.3d at 1350; *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006).

6

We lack jurisdiction to consider a claim raised in a petition for review unless the petitioner has exhausted his administrative remedies with respect the claim. *Amaya-Artunduaga*, 463 F.3d at 1250. The exhaustion doctrine requires the petitioner to raise his claims before the BIA, to ensure that it had a full opportunity to consider them. *Id.* The BIA has noted that it is inappropriate for it to consider an issue not raised before the IJ. *See Matter of J-Y-C-*, 24 I. & N. Dec. 260, 261 n.1 (BIA 2007). Additionally, the BIA will not engage in fact-finding on appeal. 8 C.F.R. 1003.1(d)(3)(iv).

"An applicant may qualify for asylum even without establishing a well-founded fear of future persecution if (A) The applicant has demonstrated compelling reasons for being unwilling or unable to return to the country arising out of the severity of the past persecution; or (B) The applicant has established that there is a reasonable possibility that he or she may suffer other serious harm upon removal to that country." 8 C.F.R. § 1208.13(b)(1)(iii). This provision describes what courts refer to as "humanitarian asylum." *Mehmeti v. U.S. Att'y Gen*, 572 F.3d 1196, 1200 (11th Cir. 2009).

The BIA must give "reasoned consideration" to a petition for relief from removal. *Perez-Guerrero v. United States Atty. Gen.*, 717 F.3d 1224, 1232 (11th Cir. 2013). In doing so, the BIA must consider the issues raised and announce its

7

decision in terms sufficient to enable a reviewing court to perceive that it had "heard and thought and not merely reacted." *Id.*

To the extent Miska argues that the BIA denied him due process of law in failing to consider humanitarian asylum, the argument has not been exhausted; he presents it for the first time here, in this court. *Amaya-Artunduaga*, 463 F.3d at 1250. Putting that aside, we hold that the BIA did not err, either by failing to afford reasoned consideration to his arguments about humanitarian asylum or by rejecting his contention that the IJ should have considered his entitlement to humanitarian asylum. First, the BIA clearly considered his humanitarian asylum argument and found that he had waived the claim to such asylum by not requesting it before the IJ. The BIA thus satisfied the reasoned consideration standard. *Perez-Guerrero*, 717 F.3d at 1232. Second, the BIA did not err in rejecting the humanitarian asylum argument because BIA precedent is clear: claims cannot be raised for the first time on appeal. *J-Y-C-*, 24 I. & N. Dec. at 261 n.1.

PETITION DENIED.