[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 16-10901
Non-Argument Calendar

————————————————

Agency No. A206-252-384

FERNANDO EDGARDO MENA BURGOS,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

————————————————

Petition for Review of a Decision of the
Board of Immigration Appeals

————————————————

(January 18, 2017)

Before TJOFLAT, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Fernando Edgardo Mena Burgos ("Mena"), proceeding *pro se*, petitions our court for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal.   On appeal, Mena argues he presented sufficient evidence and testimony establishing he suffered past persecution at the hands of the Mara Salvatrucha ("MS") gang, and that he holds an objectively reasonable well-founded fear that he would suffer persecution on account of his membership in two particular social groups: (1) Salvadoran youth who reject gang recruitment, and (2) members of his mother's family who refuse to pay extortion fees.  Upon review of the record and the parties' briefs, substantial evidence supports the BIA and IJ's conclusion that Mena failed to meet his burden of showing either past persecution or that he may suffer future persecution due to his membership in a particular social group.  Accordingly, we affirm.

We generally review the BIA's decision as the final judgment, unless the BIA expressly adopted the IJ's decision.  *Ruiz v. Gonzales*, 479 F.3d 762, 765 (11th Cir. 2007).  When the BIA explicitly agrees with the IJ's reasoning, we review the decisions of both the BIA and the IJ to the extent of the agreement. *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1350 (11th Cir. 2009).  Here, the BIA agreed with the IJ's findings and reasoning, so both the BIA and IJ's decisions are subject to review.  *See id.*

We review legal determinations *de novo*.  *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 948 (11th Cir. 2010).  Whether an asserted group qualifies as a particular social group under the Immigration and Nationality Act ("INA") is reviewed *de novo* as a question of law.  *Gonzalez v. U.S. Att'y Gen.*, 820 F.3d 399, 403 (11th Cir. 2016).

We review administrative fact findings for substantial evidence, a highly deferential standard.  *Ayala*, 605 F.3d at 948.  Under the substantial-evidence test, we affirm the IJ's decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole."  *Id.*  We may reverse only when compelled by the record, and we may not reweigh the evidence from scratch.  *Id.*  The substantial-evidence test requires that we view the evidence in the record in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision.  *Seck v. U.S. Att'y Gen.*, 663 F.3d 1356, 1364 (11th Cir. 2011).

An alien present in the United States may apply for asylum.  INA § 208(a)(1), 8 U.S.C. § 1158(a)(1).  The government has the discretion to grant asylum if the alien establishes that he is a "refugee."  INA § 208(b)(1)(A), 8 U.S.C. § 1158(b)(1)(A).  A refugee is a person "who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, [his country of nationality] because of persecution or a well-founded fear of

persecution on account of . . . membership in a particular social group." INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A).  The asylum applicant bears the burden of proving that his membership in a particular social group "was or will be at least one central reason for persecuting the applicant."  INA § 208(b)(1)(B)(i), 8 U.S.C. § 1158(b)(1)(B)(i).  In order to establish this, applicants must provide some evidence, direct or circumstantial, of their persecutors' motives.  *I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 483 (1992).

To demonstrate asylum eligibility, the applicant must, with credible evidence, establish either (1) past persecution on account of a protected ground such as membership in a particular social group; or (2) a well-founded fear of persecution on account of one of the statutory factors.  8 C.F.R. § 208.13(b); *Mejia v. U.S. Att'y Gen.*, 498 F.3d 1253, 1256 (11th Cir. 2007).  The refugee's well-founded fear of future persecution must be both "subjectively genuine and objectively reasonable."  *Najjar v. Ashcroft*, 257 F.3d 1262, 1289 (11th Cir. 2001).  The applicant must show a "reasonable possibility" of suffering persecution, and can do so by "presenting specific, detailed facts showing a good reason to fear that he or she will be *singled out* for persecution."  *Mehmeti v. U.S. Att'y Gen.*, 572 F.3d 1196, 1200 (11th Cir. 2009) (quotation omitted) (emphasis in original).  If an applicant establishes past persecution, it creates a rebuttable presumption of a

4

"well-founded fear" of future persecution. 8 C.F.R. § 208.13(b)(1), (2); *see*

*Sanchez v. U.S. Att'y Gen.*, 392 F.3d 434, 437 (11th Cir. 2004).

Persecution is an "extreme concept," which requires a showing of "more

than a few isolated incidents of verbal harassment or intimidation." *Sepulveda v.*

*U.S. Att'y Gen.*, 401 F.3d 1226, 1231 (11th Cir. 2005) (finding no persecution

despite alien receiving menacing phone calls and threats, coupled with a bombing

at the restaurant where she worked). Private acts of violence, general criminal

activity, and failure to cooperate with criminals do not qualify as persecution based

on a statutorily protected ground. *See Ruiz*, 440 F.3d at 1258; *Sanchez*, 392 F.3d at

438 (11th Cir. 2004) (determining that a refusal to cooperate with criminals is

insufficient to find persecution based on a political opinion). Furthermore,

recruitment by a criminal group does not necessarily constitute persecution on

account of a statutorily protected ground. *See Elias-Zacarias*, 502 U.S. at 482.

A particular social group is one sharing a common characteristic that is

immutable or fundamental to its members' individual identities or consciences.

*Castillo-Arias v. U.S. Att'y Gen.*, 446 F.3d 1190, 1196 (11th Cir. 2006). Society's

perception of the alleged social group is considered in determining whether that

particular social group is protected under the INA. *See Matter of W-G-R-*, 26

I.&N. Dec. 208, 216–17 (BIA 2014). Members of the group need not be visibly

recognizable, but there must be evidence showing that society in general perceives,

5

considers, or recognizes persons sharing the particular characteristic as a group. *Id.* at 217. Society must commonly recognize that the shared characteristic defines the group. *Id.* Membership in a particular social group is not defined so broadly that it becomes a "catch-all for all groups who might claim persecution." *Castillo-Arias*, 446 F.3d at 1197.

The BIA declined to recognize social groups where the proposed members were at no greater risk of persecution than the general public. In *In re A-M-E- & J-G-U-*, the BIA held that the social group of "wealthy Guatemalans" lacked both (1) the requisite social visibility, because there was no evidence "to indicate that wealthy Guatemalans would be recognized as a group that is at a greater risk of crime in general or of extortion or robbery in particular," and (2) the requisite particularity, because "the concept of wealth" was too subjective "to provide an adequate benchmark for determining group membership." *In re A-M-E- & J-G-U-*, 24 I.&N. Dec. 69, 73-76 (BIA 2007).

In a pair of companion cases similar to the one on appeal, the BIA held that Salvadoran youth subjected to recruitment efforts by the MS gang and rejected or resisted membership based on their own personal, moral, and religious opposition to the gang's values and activities did not constitute a "particular social group." *Matter of S-E-G-*, 24 I.&N. Dec. at 583-86. In *S-E-G-*'s companion case, *Matter of E-A-G-*, the BIA refused to recognize Hondurans who resist joining gangs as a

6

particular social group because they were not socially visible or distinct in Honduran society and no evidence was presented that members of this group possessed any characteristics that would cause other Hondurans to recognize them as an individual who refused gang recruitment. *Matter of E-A-G-*, 24 I.&N. Dec. 591, 594-95 (BIA 2008). Although individuals who resist gang recruitment may face the risk of harm from rejecting the gang, the BIA noted that the risk arises from the individualized reaction of the gang to the specific behavior of the prospective recruit, rather than due to his membership in a particular social group. *Id.* at 594.

Where a petitioner fails to establish an asylum claim on the merits, his claim for withholding of removal necessarily fails. *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1288 n.4 (11th Cir. 2005); *see also Nkacoang v. INS*, 83 F.3d 353, 355 (11th Cir. 1996) ("If an applicant is unable to meet the 'well-founded fear' standard for asylum, he is generally precluded from qualifying for either asylum or withholding of deportation.").

Here, substantial evidence supports the BIA's denial of Mena's asylum and withholding claims because he failed to establish past persecution or that a protected ground was or will be at least "one central reason" for any future persecution.

First, substantial evidence supports the IJ's and BIA's determination that Mena did not suffer any past persecution. His past mistreatment consisted merely of threats and harassment, without any physical harm or attempt to kill or seriously injure him by the gang members attempting to recruit him or seeking extortion payments. *See Sepulveda*, 401 F.3d at 1231 (stating that persecution is an "extreme concept," which requires a showing of "more than a few isolated incidents of verbal harassment or intimidation"). Mena testified that MS members approached him on "about four" occasions within a single week and that, although they threatened to kill him if he did not join their gang during at least one of these encounters, he was only "shoved around" during these encounters and was not physically harmed. Additionally, neither his mother nor cousins were harmed by gang members, even after his mother failed to pay the full amount of money demanded. *See Sepulveda*, 401 F.3d at 1231 (finding no persecution despite the alien receiving menacing phone calls and threats, coupled with a bombing at the restaurant where she worked). Mena's past mistreatment consisted merely of threats and harassment, without any physical harm or attempt to kill him or seriously injure him. Thus, substantial evidence supports the BIA and IJ's finding that Mena failed to establish that he suffered past persecution.

Secondly, the record does not compel a finding that any future persecution would be on account of Mena's membership in a statutorily protected social group.

8

Neither of his asserted groups qualify as a particular social group under the INA. His family is not a socially distinct group in Salvadoran society, *see Matter of W-G-R-*, 26 I.&N. Dec. at 216–17, nor are those who resist gang recruitment. *Matter of E-A-G-*, 24 I.&N. Dec. at 594-95; *cf. Sanchez*, 392 F.3d at 438 (determining that persecution for refusing to cooperate with criminals is not on account of the protected ground of political opinion). Furthermore, Mena provided no evidence that one central reason for the MS members to target him would be due to his membership in the proposed social groups.

Finally, Mena failed to establish that MS members would target him: (1) because he receives money from the United States, as opposed to having wealth for some other reason, or (2) due to his membership in a group of young Salvadorans resistant to gang recruitment, rather than his particular individual act of rebuffing their recruitment efforts. *Elias-Zacarias*, 502 U.S. at 483. Substantial evidence instead shows that Mena fears private acts of violence and criminal activity, which is not a protected ground under the INA. *Ruiz*, 440 F.3d at 1258.

Because Mena failed to demonstrate past persecution or a well-founded fear of future persecution on account of a protected ground sufficient to support his asylum claim, he necessarily fails to establish eligibility for withholding of removal. *Forgue*, 401 F.3d at 1288 n.4.

**PETITION DENIED.**