[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 25, 2006
THOMAS K. KAHN
CLERK

_____

Nos. 05-13086 & 05-11949

_____

BIA Docket A97-627-330

FIROZ ALI MERCHANT,

Petitioner,

versus

U. S.  ATTORNEY GENERAL,

Respondent.

_____

Petitions for Review of a Decision of the
Board of Immigration Appeals

_____

**(August 25, 2006)**

Before ANDERSON, HULL and CUDAHY*, Circuit Judges.

ANDERSON, Circuit Judge:

_____

*Honorable Richard D. Cudahy, United States Circuit Judge for the Seventh Circuit, sitting by
designation.

Firoz Ali Merchant petitions for review of the decision of the Board of Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of a continuance and order of removal. He also appeals the BIA's denial of his motion to reconsider.

Merchant, a citizen of Pakistan, entered the United States with a non-immigrant visa on October 31, 2000, and was authorized to remain no later than April 30, 2001. On July 3, 2002, the former Immigration and Naturalization Service (INS) initiated removal proceedings against Merchant by filing a Notice to Appear with the immigration court. The Notice charged Merchant with being removable as an non-immigrant who remained in the United States longer than permitted, pursuant to INA §237(a)(1)(B), 8 U.S.C. §1227(a)(1)(B). Merchant appeared before the IJ, admitted the factual allegations in the Notice, and conceded removeability. On December 10, 2002, Merchant filed a motion for administrative closure or termination of his case based on the fact that he had a pending labor certificate and hoped to adjust his status under INA §245(i), 8 U.S.C. §1255(i). In July 2003, Merchant filed with the immigration court the final determination that his labor certification had been approved and filing receipts from May 2003 showing that an appropriate I-140 employment-based visa petition and an appropriate I-485 application for adjustment of status had been filed with the

2

Department of Homeland Security, based on the approved labor certification.

On September 25, 2003, the IJ issued a written decision in several cases that raised the same issue, including Merchant's. The IJ denied the petitioners' motions for continuances, reasoning that the pendency of a visa petition did not entitle the alien to a stay of proceedings. The IJ noted that he did not have the authority to determine prima facie eligibility for an employment-based visa. The IJ thus denied Merchant's request for a continuance.

Merchant appealed the decision to the BIA. The BIA dismissed Merchant's appeal, affirming the IJ's decision to the deny the continuance. It stated that Merchant's "speculative future eligibility for adjustment of status failed to establish good cause for a continuance of his removal proceedings." The BIA similarly distinguished precedent involving family-based visas and rejected Merchant's reliance on Subhan v. Ashcroft, 383 F.3d 591 (7th Cir. 2004).

Merchant filed a petition for review in this Court on April 8, 2005, and a motion to reconsider with the BIA on April 13, 2005. The BIA rejected his arguments on May 9, and Merchant filed a petition for review with this Court of that decision on June 3, 2005; the two petitions were consolidated.

The issue in this case is whether or not the BIA and IJ abused their discretion when they denied Merchant's request for a continuance. The grant or denial of a continuance is matter of discretion. <u>Bull v. INS</u>, 790 F.2d 869, 869 (11th Cir. 1986). The immigration regulations provide that the IJ may grant a continuance "for good cause shown." 8 C.F.R. §1003.29.

Merchant's request for a continuance was based on his having already obtained an approved labor certification and having already filed the Forms I-140 (petition for visa) and I-485 (for adjustment of status) with the DHS (or INS).[1] Section 1255(i) provides an exception to §1255(c)'s bar to filing adjustment of status applications for those aliens who have lawfully entered this country but overstayed their visas. As we have explained,

> Section 1255(i) states that "[n]otwithstanding the provisions of [§1255](a) and (c)," an alien "may apply to the Attorney General for . . . adjustment of . . . status" if: (1) the alien pays the applicable fees and the alien is physically present in the United States at the time the alien applies for adjustment of status; (2) the alien was physically present in the United States on December 21, 2000; and (3) the alien is the beneficiary of an application for a labor certificate that was filed on or before April 30, 2001. <u>See</u> 8 U.S.C. §1255(i)(1)(A)-(C) . . . . The mere filing of a labor certificate application with the DOL does not make an alien eligible for adjustment of status under §1255(i). Rather, there are two additional and more difficult statutory eligibility requirements in §1255(i) that must also be met.

---

[1]     It is undisputed that Merchant had paid the applicable fees, was physically present in the U.S. on December 21, 2000, and his labor certificate application was filed on or before April 30, 2001, and was granted.

Specifically, §1255(i)(2) provides, just as §1255(a) does, that the Attorney General may approve an adjustment-of-status application only if:

> (A) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence; and

> (B) an immigrant visa is immediately available to the alien at the time the [adjustment-of-status] application is filed.

Zafar v. United States Attorney General, __ F.3d __ (11th Cir. Aug. 24, 2006)(citing 8 U.S.C. §1255(i)(2)(A) and (B))

As we discussed in Zafar, the mere filing of the labor certification application does not mean that the petitioner is eligible for adjustment of status. However, unlike the petitioners in Zafar, Merchant had an approved labor certification and the appropriate Form I-140 had been filed for an employment-based visa with the DHS, as had the appropriate Form I-485 for adjustment of status.[2]  Further, under the regulations, an alien is eligible for adjustment of status if (1) he is a grandfathered alien; (2) he is physically present in the United States; (3) he is eligible for immigrant classification; (4) there is an immigrant visa number immediately available at the time of filing for the adjustment of status; (5) he is not

_____

[2]    Although it used to be the case that an Application to Adjust Status, Form I-485, could only be filed after an I-140 application for an employment-based visa was approved, by a Rule propounded on July 31, 2002, the Department of Justice decreed that I-485s and I-140s could be filed concurrently.  See 67 F.R. 49561  (July 21, 2002).  I-485s and I-140s cannot be filed concurrently, however, if immigrant visa numbers are not "immediately available."  Id.

5

inadmissible under any other provision of INA §212; (6) he has properly filed a Form I-485 application and Supplement A with the required fee; and (7) he has paid the additional sum of $1000. 8 C.F.R. §245.10 (a)(1)(b). Merchant alleges that he has satisfied all of these conditions, and that he is thus statutorily eligible for adjustment of status under §1255(i). We note that the government at oral argument conceded that Merchant had an approved labor certification, that appropriate Forms I-140 and I-485 had been filed, and that an immigrant visa number was immediately available in the area of Merchant's approved labor certification.[3]

Apparently, the government's only argument that Merchant had not satisfied all of §1255(i)'s requirements is that the immigrant visa is not in hand. The government argues that Merchant is not "eligible to receive an immigrant visa" (8 U.S.C. §1255(2)(A)), because his visa petition has not yet been approved by DHS and his visa is not in hand. We reject the government's argument, because the statute clearly provides that an alien in Merchant's shoes need only be "eligible" to receive the visa, not that he must have the visa in hand. See also 8 C.F.R. §245.10(b)(2) (providing that one prerequisite for eligibility for adjustment is that

---

[3] At oral argument, it was determined that Merchant was seeking an employment-based visa as a "skilled worker" with two or more years of training or experience. See 8 U.S.C. §1153(b)(3)(A)(i). Section 1153(b)(3)(C) provides that an approved labor certification is required before a visa can be issued under that subsection. See 8 U.S.C. §1153(b)(3)(C).

the alien be <u>eligible</u> for immigrant classification" (emphasis added).[4]

In <u>Zafar</u>, we rejected the petitioners' reliance upon <u>Bull v. INS</u> because they had not yet received approved labor certifications and had not yet filed Form I-140 visa petition and I-485 applications for adjustment of status. <u>Zafar</u>, __ F.3d at __. We reasoned that they were not in the favorable posture of the petitioner in <u>Bull</u> who had already filed a visa petition with the INS, was prima facie eligible for the I-140 visa, and was awaiting INS adjudication. <u>Id.</u> The court in <u>Bull</u> had held that the IJ abused its discretion when it refused to grant a continuance despite the fact that the petitioner was married to a United States citizen and had filed the Form I-130 application for a family-based visa. 790 F.2d at 869. The court also relied in part on the fact that the INS had a policy allowing a prima facie qualified beneficiary of a family-based visa petition to remain in the United States pending final adjudication of the visa petition and adjustment of status. <u>Id.</u> at 871-72.

Although <u>Bull</u>'s involvement with the favored family-based visa context is a

---

[4]  Section 1255(i)(2)(B) contains the requirement that an immigrant visa number be immediately available. We note that the literal language of §1255(i)(2)(B) is that "an immigrant visa is immediately available ...." However, both the Regulations and the BIA case law construe this language of §1255(i)(2)(B) as meaning that an immigrant visa number be immediately available to the alien. 8 C.F.R. §245.10(b)(2); <u>Matter of Ho</u>, 15 I&N. Dec. 692 (BIA 1976). This interpretation is reasonable; it avoids rendering §1255(i)(2)(A) superfluous. Thus, this language provides no support for the government's argument that the immigrant visa must be approved and in hand for an alien to satisfy all the requirements of §1255(i).

distinguishing factor, the two cases are somewhat similar in that both had applied for visas and both are eligible for them.  Thus, we think Bull provides some support for the conclusion we reach below.

Finally, Merchant has successfully completed all actions required by §1255(i) to be performed by him and satisfied all of the statutory prerequisites of §1255(i)  – i.e., the timely filing of his application for labor certification, the approval thereof, and the appropriate filing of a Form I-140 (petition for visa) and of a Form I-485 (application for adjustment of status) with the DHS,  as well as demonstrating that an immigrant visa number is immediately available.   This leaves undone only actions to be performed by the DHS (the very agency seeking his removal) – i.e., a decision on his immigrant visa and a decision on his application for adjustment.[5]   In light of these facts, because nothing in the record indicates otherwise, and because the Government has proffered no viable argument to the contrary, we conclude that Merchant is "eligible for an immigrant visa" and

---

[5]      The old BIA cases relied on by the Government – Matter of Kotte, 16 I. & N. Dec. 449 (BIA 1978); Matter of Ching, 15 I. & N. Dec 772 (BIA 1976); Matter of Ficalora, 11 I. & N. Dec. 592 (BIA 1964) – are of doubtful relevance to §1255(i).  They all predate the 1994 origin of § 1255(i), and thus involve different contexts.  Moreover, the legal landscape then was entirely different; e.g., each relied in part on the availability of a motion to reopen or reconsider to account for future developments, which of course are no longer available.   Also, the DHS now permits simultaneous filing of the I-140 visa petition and the I-485 application of adjustment of status as to visas and adjustments based on employment.  See n. 2, infra.

eligible for adjustment of status under §1255(i).[6] We also note that all of this had occurred as of the time of the IJ hearing. Under all of these circumstances and especially Merchant's advanced stage in the §1255(i),[7] we conclude that it was an abuse of discretion to deny a continuance, at least in the absence of some relevant

_____

[6]    When we say that Merchant is eligible for adjustment under §1255(i), we mean that he has satisfied all of the prerequisites set out in §1255(i) to be performed by Merchant (or on his behalf). These include: the timely filing of the application for labor certification (§1255(i)(1)(B)(ii)); the approval thereof; the appropriate filing of Form I-140 (petition for visa) and the Form I-485 (application for adjustment of status) along with the requisite fees; and demonstration that an immigrant visa number is immediately available to him as required (§1255(i)(2)(B)). Pursuant to our holding, these actions render Merchant "eligible to receive an immigrant visa" (§1255(i)(2)(A)), there apparently being no dispute about the presence of any other disqualifying factor pursuant to 8 C.F.R. §245.10(b) or otherwise. Having thus satisfied all of the prerequisites set out in §1255(i), "the Attorney General may adjust the status of the alien to that of an alien admitted for permanent residence." § 1255(i)(2). We thus consider Merchant eligible for adjustment of status under §1255(i).

It may well be true, as the government argues, that the DHS (or the IJ, whichever has jurisdiction) will not exercise its discretion to grant an adjustment of status until that same agency first exercises its discretion to approve the Form I-140 (petition for immigrant visa). However, as indicated above, the statute requires only that Merchant be "eligible for an immigrant visa," not that the DHS shall have already exercised its discretion in that regard and granted the visa. In addition, the DHS now allows simultaneous filing of the Form I-140 and Form I-485 which further supports our conclusion that the alien need only be "eligible" to receive an immigrant visa.

[7]    We also note that the BIA has not been entirely consistent in its handling of these matters. For example, in the Matter of Ho, 15 I. & N. Dec. 692 (BIA 1976), the BIA, recognizing Operations Instruction 254.4(a)(6), held that an alien's application for adjustment of status should be held in abeyance if there were visa numbers available at the time of the application's filing but not when the visa was approved. Thus, with respect to another prerequisite set out in §1255(i), namely the requirement that the immigrant visa be immediately available at the time the application for adjustment is filed, the BIA apparently has been following an INS policy and holding such cases in abeyance. Other instances of inconsistent treatment of such continuance requests, either in unpublished decisions of the BIA (e.g. In Matter of DaCosta, No. A96 437 521 (BIA Oct. 6, 2004)) or anecdotally, have been called to our attention; these are matters the BIA may want to take into its consideration, although we do not rely upon them.

circumstance not in the present record and not brought to the attention of this court.

We emphasize that our holding does not mandate indefinite continuances. Upon consideration of the foregoing, and any other relevant factors, the BIA upon remand is free to provide guidance with regard to the duration of appropriate continuances in this (or other) circumstances. Moreover, additional relevant factors may well influence the BIA's decision on remand.[8]

Our conclusion in this regard is not inconsistent with our opinion in Zafar v. United States Attorney General, ___ F.3d ___ (11th Cir. Aug. 24, 2006). It expressly left open issues involving stages of this process beyond the mere filing of the application for labor certification. Zafar, __ F.3d __ ("Furthermore, we need not and do not, reach the issue of what should happen on any other facts, such as, for example, if aliens have approved labor certificates and are statutorily eligible for adjustment under §1255(i)." As demonstrated in this case, Merchant is at that later stage – eligibility for adjustment of status under §1255(i). Indeed, the primary rationale of Zafar was that the petitioners there were not statutorily eligible for

---

[8] For example, the very agency, DHS, acting as an advocate before the BIA, also holds within its breast the filings seeking the relief pursuant to the §1255(i) avenue provided by Congress for applicants like Merchant. Because these last stages of §1255(i) relief are within the discretionary authority of the advocate before the BIA, it is not unreasonable for the BIA to request that the DHS provide it with an estimate of the time expected for action and reasons therefor, or if the DHS deems the visa petition or adjustment of status application frivolous or the favorable exercise of discretion unlikely for some reason. See 8 C.F.R. §245.10(a)(3) (discussing when an application is not "approvable when filed").

either I-140 immigrant visas or an adjustment of status under §1255(i), and had not yet filed I-140 visa petitions and I-485 adjustment of status applications.[9] Id. at ___.

For all of the foregoing reasons, we grant Merchant's petition for review, vacate the decision of the BIA and remand for further proceedings.

**PETITION GRANTED.**

---

[9] Ahmed v. Gonzales, 447 F.3d 433 (5th Cir. 2006), and Khan v. Attorney General of the United States, 448 F.3d 226 (3d Cir. 2006), are not inconsistent with this decision. In those cases, the courts addressed denials of continuances to petitioners who did not have approved labor certificates. See, e.g., Khan, 448 F.3d at 234 ("Where, as here, an alien has failed to submit a visa petition, an IJ's decision to deny the alien's continuance request is squarely within the IJ's broad discretion").

11