[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 15, 2007
THOMAS K. KAHN
CLERK

--------------------------------------

No. 05-17209
Non-Argument Calendar

--------------------------------------

Agency No.  A79-008-160

ZULFIKAR ASSAR HUSSAIN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

------------------------------------------------------------------
Petition for Review of a Decision
of the Board of Immigration Appeals
------------------------------------------------------------------

**(March 15, 2007)**

Before EDMONDSON, Chief Judge, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Zulfikar Assar Hussain, a native and citizen of Pakistan, petitions for review

of the decision by the Board of Immigration Appeals ("BIA") affirming the denial

by the immigration judge ("IJ") of Hussain's motion to continue his removal

proceedings. Hussain also petitions for review of the BIA's denial of his motion to reopen his removal proceedings because he was eligible for adjustment of status based on his wife's I-140 visa petition.[1] No reversible error has been shown; we deny Hussain's petition.

Here, we review only the BIA's decision because the BIA did not adopt the IJ's opinion. See Al Najjar, 257 F.3d at 1284. We review the denial of Hussain's motion for a continuance for abuse of discretion. Zafar v. Ashcroft, 461 F.3d 1357, 1358 (11th Cir. 2006).

Before the BIA, Hussain argued that his removal proceedings should be continued because he was the derivative beneficiary of his wife's application for a labor certification, which was filed before 30 April 2001, and he therefore was a grandfathered alien who was eligible to apply for adjustment of status.[2] But on appeal, Hussain concedes that he is not eligible to apply for adjustment of status

---

[1] Hussain titled this motion as a "motion to remand." But Hussain attempted to introduce new evidence with this motion; so we will refer to Hussain's motion as a motion to reopen his removal proceedings. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1301 (11th Cir. 2001) ("[I]f a motion to remand seeks to introduce evidence that has not previously been presented, it is generally treated as a motion to reopen . . . ."). Also, we note that Hussain does not seek review of the BIA's denial of his later "motion to reopen and remand," in which Hussain asserted that he filed an I-485 application for adjustment of status and paid the required fees.

[2] An alien -- who otherwise would be ineligible for adjustment of status pursuant to 8 U.S.C. § 1255(c) -- can be considered a grandfathered alien who may apply to adjust his status to permanent resident if he is the beneficiary of an application for labor certification that was properly filed by 30 April 2001 and was "approvable when filed." 8 U.S.C. § 1255(i)(1); 8 C.F.R. § 245.10(a)(1)(i)(B).

based on his wife's labor certification application because his wife was substituted as a beneficiary of the application after 30 April 2001.  See 8 C.F.R. § 1245.10(j) ("An alien who was substituted for the previous beneficiary of the application for the labor certification after April 30, 2001, will not be considered to be a grandfathered alien.").

Still Hussain argues -- for the first time in his reply brief -- that he is eligible to apply for adjustment of status because he filed his own labor certification application before 30 April 2001.  Hussain contends that his application remains pending; and he attached documentation to his reply brief to support this claim. Because we "cannot consider evidence that was not previously brought before the [BIA]," Al Najjar, 257 F.3d at 1282, and we do not consider arguments raised for the first time in a reply brief, see United States v. Britt, 437 F.3d 1103, 1104 (11th Cir. 2006), we do not address Hussain's new claim that he is eligible for adjustment of status based on his own pending labor certification.[3]

We turn to Hussain's appeal of the BIA's denial of his motion to reopen his case, which we review for an abuse of discretion.  See Lonyem v. U.S. Attorney

---

[3]Hussain may be able to present this new evidence to the BIA through a motion to reopen his removal proceedings.  See 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material.").

Gen., 352 F.3d 1338, 1340 (11th Cir. 2003). Hussain attached to his motion to reopen a copy of his wife's approved I-140 petition for a visa, which he asserted supported his claim that he was eligible for adjustment of status. The BIA concluded that Hussain failed to demonstrate his present eligibility for adjustment of status. As we have discussed, Hussain has conceded that he cannot rely on his wife's labor certification to support his claim of being a grandfathered alien; and the administrative record does not provide other evidence that Hussain is the beneficiary of an approved labor certification. Therefore, the BIA did not abuse its discretion in denying Hussain's motion to reopen because, regardless of the approval of his wife's I-140 petition, Hussain has not demonstrated that he qualified as a grandfathered alien, which is necessary for him to meet the requirements for adjustment of status.[4]

---

[4]Apart from his petition for review, Hussain also has filed a motion requesting that we remand his case to the BIA in the light of our decision in Merchant v. U.S. Attorney General, 461 F.3d 1375 (11th Cir. 2006). We deny this motion. In Merchant, we determined that, where (1) a petitioner had filed his labor certification application on or before 30 April 2001, (2) his application had been approved, and (3) the petitioner filed a Form I-140 petition for visa and a Form I-485 application for adjustment of status, the petitioner was eligible for an adjustment of status under 8 U.S.C. § 1255(i). 461 F.3d at 1377-79. Unlike the situation in Merchant, Hussain -- significantly -- has not pointed to evidence in the administrative record that shows he is a grandfathered alien with an approved labor certification. For the same reason, we note that Hussain's case is not controlled by our recent decision in Haswanee v. U.S. Attorney General, 471 F.3d 1212, 1218 (11th Cir. 2006), where we explained that it was an abuse of discretion to deny petitioner's motion for a continuance when "he had an approved labor certification and an immediately available visa number, and had a pending visa petition." Based on the record before us, Hussain's case is distinguishable from Merchant and Haswanee.

Hussain next argues that the BIA denied him due process in ordering him removed from the United States when his adjustment-of-status proceedings were still pending. He also contends that the IJ and the BIA violated his right to equal protection because he was placed in removal proceedings after he registered with the government's National Security Entry-Exit Registration System. In addition, Hussain asserts that his equal protection rights were violated because, in jurisdictions outside of Atlanta (Hussain's hearing took place in Atlanta), "[i]mmigration [j]udges administratively close proceedings routinely where the beneficiary has a pending 245(i) labor certifications, however in Atlanta they did not."

In Zafar v. U.S. Attorney General, 461 F.3d 1357, 1367 (11th Cir. 2006), and Haswanee v. U.S. Attorney General, 471 F.3d 1212, 1218-19 (11th Cir. 2006), we considered -- and rejected -- each of the precise constitutional claims raised here. Hussain's due process and equal protection claims are without merit.

In sum, we conclude that the BIA did not abuse its discretion in denying Hussain's motions for a continuance and to reopen his removal proceedings; and we deny Hussain's motion to remand his case to the BIA.

PETITION DENIED.