**Luhut Firman SIAHAAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–70334.

United States Court of Appeals, Ninth Circuit.

Argued and Submission Deferred July 13, 2007.

Filed Aug. 29, 2007.

Madhu Kalra, Esq., Kalra Law Firm, Torrance, CA, for Petitioner.

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jennifer Paisner, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: SILVERMAN, W. FLETCHER, and CLIFTON, Circuit Judges.

### MEMORANDUM *

Luhut Siahaan petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of his request for a continuance of his removal proceeding. We grant the petition and remand.

■■■ Siahaan contends that the denial of his request for a continuance amounted to an abuse of discretion,[1] since at the time of his removal proceeding, his wife had already begun the application process for adjustment to lawful permanent status. It is true that if Siahaan's wife successfully ·adjusted her status then Siahaan would also be eligible for status adjustment, after which he could remain in the United States legally. *See* 8 U.S.C. § 1255(i)(1)(B) (providing that the "spouse" of an alien eligible under the statute is likewise eligible for relief). Even so, Siahaan's wife had merely begun the first step of the lengthy status adjust-

ment process: Her employer had filed an application for labor certification. *See Khan v. Attorney Gen.*, 448 F.3d 226, 228 n. 2 (3d Cir.2006) (describing the status adjustment process generally). The IJ was not compelled to grant a continuance while so many uncertainties remained. *See* 8 C.F.R. § 1003.29 (providing only that an IJ "*may* grant a motion for continuance for good cause shown") (emphasis added).

Our analysis does not end here, however. In denying Siahaan's continuance request, the IJ stated that § 1255(i) could not provide grounds to "prevent removal hearings from going forward." He also said that only "the Department of Homeland Security ... has the control on whether ... [a] respondent can remain in the United States if he potentially qualifies for [§ 1255(i)] relief." If taken literally, these are misstatements. They do not reflect the full scope of an IJ's discretion when faced with a request for continuance pursuant to § 1255(i).

It is undisputed that an IJ may grant a continuance "for good cause shown." 8 C.F.R. § 1003.29. "Good cause" is not defined by statute or regulation, *Baires v. INS*, 856 F.2d 89, 91 (9th Cir.1988), but no authority suggests that the term categorically excludes the § 1255(i) status adjustment process. To the contrary, both IJs and courts of appeals have recognized that a pending labor certification or application for status adjustment may make the continuance of removal proceedings the logical course of action. *See, e.g., Subhan v. Ashcroft*, 383 F.3d 591, 593 (7th Cir.2004) (in which the petitioner received two continuances of six months each so that he might

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1.  Siahaan also raises due process and equal protection claims under the Fifth Amendment. We do not reach these claims because

we grant the petition on other grounds. *See United States v. Sandoval–Lopez*, 122 F.3d 797, 802 n. 9 (9th Cir.1997) ("We avoid constitutional questions when an alternative basis for disposing of [a] case presents itself.").

receive word on his pending application for labor certification); *Merchant v. Attorney Gen.*, 461 F.3d 1375, 1377–79 (11th Cir. 2006) (holding that an IJ and the BIA abused their discretion by denying a continuance to an alien whose status adjustment application was pending with DHS).

■ Based on these statements by the IJ, we cannot be certain that he realized the full extent of his discretion under 8 C.F.R. § 1003.29. Misapplication of law constitutes an abuse of discretion, *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir.2005), and we wish to be sure that he denied Siahaan's continuance request *despite* his authority to grant it. The parties agree that Siahaan will be ineligible to re-enter the country for ten years subsequent to a voluntary departure since he has been illegally present in the United States for a period longer than one year. 8 U.S.C. § 1182(a)(9)(C)(i)–(ii). This result counsels for remand to ensure that the IJ acted in light of all available options.

We recognize that Siahaan's predicament stems from his violations of 8 U.S.C. §§ 1227(a)(1)(B) and 1227(a)(1)(C)(i), and we emphasize that it generally will fall within an IJ's discretion to deny a continuance under the circumstances presented here. Nevertheless, denying Siahaan's request for a continuance was a choice rather than an obligation. Because the facts of this case make it particularly important that the IJ understood this, we grant Siahaan's petition and remand.

**PETITION GRANTED; REMANDED.**