[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 10, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12587
Non-Argument Calendar

_____

Agency No. A96-114-230

MOHAMMED HUMAYUN KABIR,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(January 10, 2008)**

Before TJOFLAT, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

An Immigration Judge ("IJ") denied petitioner's motion to continue removal

proceedings. Petitioner appealed the decision to the Board of Immigration Appeals ("BIA"), and it affirmed. Petitioner now seeks our review of the BIA's decision.

Petitioner contends that the IJ abused her discretion when she denied his motion for a continuance because he was statutorily eligible for an adjustment of immigration status, to-wit: (1) he had an approved labor certification, (2) a visa number was immediately available to him; and (3) his I-140 visa petition was pending because although the Department of Homeland Security ("DHS") had denied it, he was appealing that denial. Petitioner also contends that the IJ, in denying his motion for a continuance, deprived him of due process of law by not addressing all of his available forms of relief.[1]

I.

"We lack jurisdiction to consider a claim raised in a petition for review unless the petitioner has exhausted his administrative remedies with respect thereto." Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006); see 8 U.S.C. § 1252(d)(1) (stating the exhaustion requirement applicable to immigration cases). Although exhaustion may not apply to all due process claims, it applies to claims for which the BIA can provide a remedy. Amaya-Artunduaga, 463 F.3d at 1251. Thus, a petitioner must exhaust his "procedural due process

---

[1] Although the Government argues that an intervening rejection of petitioner's I-140 agency appeal renders this appeal moot, we conclude otherwise and therefore address petitioner's claims.

2

claims, as well as procedural errors argued in due process terms." Id.

Petitioner failed to exhaust his administrative remedies in this case. Although the BIA could have provided him with a remedy for his due process claim, he did not present the claim to the BIA in either his notice of appeal or his brief.  In short, we lack jurisdiction to consider petitioner's due process claim and thus dismiss this part of his petition.

## II.

An IJ "may grant a motion for continuance for good cause shown."  8 C.F.R. § 1003.29.  "The grant of a continuance is within the IJ['s] broad discretion." Zafar v. U.S. Att'y Gen., 461 F.3d 1357, 1362 (11th Cir. 2006).  We therefore review an IJ's decision denying a continuance for abuse of discretion.  Haswanee v. U.S. Att'y Gen., 471 F.3d 1212, 1214 (11th Cir. 2006).

In general, an alien present in the United States may apply to adjust his status to that of an alien lawfully admitted for permanent residence.  Immigration and Nationality Act ("INA") § 245, 8 U.S.C. § 1255.  However, an alien who became illegal by overstaying his visa or by accepting unauthorized employment is generally barred from applying for an adjustment of status.  INA § 245(c), 8 U.S.C. § 1255(c).  Despite that bar, an illegal alien who (1) is the beneficiary of an application for a labor certification, under 8 U.S.C. § 1182(a)(5)(A), filed pursuant to Department of Labor ("DOL") regulations, and (2) is physically present in the

3

United States on December 21, 2000, may apply to the Attorney General for the adjustment of his status to that of an alien lawfully admitted for permanent residence. INA § 245(i)(1), 8 U.S.C. § 1255(i)(1).

That having been said, "[t]he mere filing of a labor certificate application with the DOL does not make an alien eligible for adjustment of status under § 1255(i)." Zafar, 461 F.3d at 1363 (emphasis in original). Two additional statutory eligibility requirements must be met. Id. Specifically, the Attorney General may adjust an alien's status if: "(A) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence; and (B) an immigrant visa is immediately available to the alien at the time the application is filed." INA § 245(i)(2), 8 U.S.C. § 1255(i)(2).

Any employer may file an I-140 employment-based visa petition on behalf of an alien. 8 C.F.R. § 204.5(l)(1). The I-140 petition "must be accompanied by an individual labor certification from the Department of Labor." Id. § 204.5(l)(3)(i). If the petition is approved, it will be retained by the immigration service for consideration with an application for permanent residence, and a visa number will be assigned if available. 8 C.F.R. §§ 204.5(n)(1), 245.1(g). The employer may appeal the denial of an I-140 petition. 8 C.F.R. §§ 204.5(n)(2).

In Merchant v. U.S. Att'y Gen., 461 F.3d 1375, 1379 (11th Cir. 2006), we held that an IJ committed an abuse of discretion in denying a continuance where

4

the alien was eligible to receive an employment-based visa and eligible for an adjustment of status, pursuant to § 1255(i)(2). Specifically, in Merchant, the petitioner satisfied all the statutory prerequisites of § 1255(i) by showing the timely filing of an application for labor certification, the approval thereof, the filing of an I-140 petition, and the filing of an I-485 petition (application for adjustment of status). Id. at 1378-79. Although the petitioner's I-140 petition had not yet been approved or denied, the petitioner was still eligible under § 1255(i). Id. at 1378. We distinguished Merchant from Zafar, where we earlier held that petitioners were not eligible for adjustments of status when they had only filed applications for labor certification with the DOL, which were still pending, and had not filed I-140 or I-485 petitions. Id.; see Zafar, 461 F.3d at 1363.

In Haswanee, the petitioner had an approved labor certification and a pending I-140 petition, which had not been approved or denied, but had not filed an I-485 petition for adjustment of status. Haswanee, 471 F.3d at 1217. Relying on the holdings of Zafar and Merchant and the language of § 1255(i), we determined that an alien was eligible for an adjustment of status, although he had not yet filed an I-485 petition for adjustment of status. Id. Thus, we held that "the IJ abused [his] discretion in denying Haswanee's motion for continuance where he had an approved labor certification and an immediately available visa number, and had a pending visa petition." Id. at 1218.

5

We find no abuse of discretion in the denial of petitioner's motion for a continuance because the record does not show that petitioner was eligible for an adjustment of immigration status. He failed to show eligibility because the DHS denied his I-140 visa petition initially, and he failed to offer any reasons why that initial denial would be overturned.

In conclusion, the petition for review is

DISMISSED, in part; DENIED, in part.