[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 17, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13655
Non-Argument Calendar

_____

BIA No. A97-941-994

JOAN ELIZABETH LINDSAY,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(April 17, 2008)**

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Petitioner Joan Elizabeth Lindsay, a native and citizen of Jamaica, seeks

review of the Board of Immigration Appeals' ("BIA") decision dismissing her appeal of the order of removal of an Immigration Judge ("IJ") issued after denying her request to "terminate" the removal proceeding under the LIFE Act, 8 U.S.C. § 1255(I).[1] The BIA concluded that Lindsay failed to demonstrate that an I-130 family-sponsored visa petition had been approved; therefore, she was not eligible for adjustment of status under § 1255(I). The I-130 petition was purportedly filed on her behalf by her sister, who is a United States citizen. In her appeal to us, Lindsay appears to argue that approval of the I-130 petition was not required to preserve her eligibility to apply for adjustment of status under § 1255(I).

As indicated above, Lindsay moved the IJ to "terminate" the removal proceedings. We construe her motion as a motion for a continuance under 8 C.F.R. § 1003.29. See 8 C.F.R. § 1003.29 (permitting the IJ to grant a continuance if good cause is shown). We review the denial of a motion for the continuance of a removal proceeding for an abuse of discretion. Zafar v. U.S. Att'y Gen., 461 F.3d 1357, 1362 (11th Cir. 2006).

---

[1] Legal Immigration Family Equity Act ("LIFE"), Pub. L. No. 106-553, 114 Stat. 2762A-142 through 2762A-149 (2000); LIFE Act Amendments of 2000, Pub. L. No. 106-554, 114 Stat. 2763A-324 through 2763A-326. The case began with a Notice to Appear charging petitioner and her husband, Desmond Ewart Lindsey, with removability under 8 U.S.C. § 1227(a)(1)(B) on the ground that they had remained in the United States beyond the period of authorization. They conceded removability, but applied for asylum, withholding of removal under the Immigration and Nationality Act and the Convention Against Torture. They subsequently abandoned their application, leaving the LIFE Act issue presented here as the sole issue remaining in the case. Petitioner's husband has not joined petitioner in the proceeding before us.

Under the LIFE Act, certain aliens may apply to the Attorney General for adjustment of status to that of an alien lawfully admitted for permanent residence. 8 U.S.C. § 1255(i)(1). To be eligible to apply, the alien must be a beneficiary of either a petition for classification or an application for a labor certification filed before April 30, 2001. 8 U.S.C. § 1255(i)(1)(B). A petition for classification includes an I-130 Petition for an Alien Relative filed on behalf of a sibling. See 8 U.S.C. § 1154(a)(1)(A)(i), cross referencing 8 U.S.C. § 1153(a)(4); 8 C.F.R. §§ 204.1(a)(1), 204.2(g).

In addition to filing the petition for classification or application for a labor certification before April 30, 2001, to be eligible to apply for adjustment of status, the alien must meet the definition of a "grandfathered alien." 8 C.F.R. § 1245.10(b). A "grandfathered alien" includes a beneficiary of a petition or application that was properly filed before April 30, 2001, and was "approvable when filed." 8 C.F.R. § 1245.10(a)(1)(i)(A). "Approvable when filed" means that the petition "was properly filed, meritorious in fact, and non-frivolous." 8 C.F.R. § 1245.10(a)(3). Furthermore, a beneficiary of a petition that was filed after January 4, 1998, must also have been physically present in the United States by December 21, 2000. 8 U.S.C. § 1255(i)(1)(C); 8 C.F.R. § 1245.10(a)(1)(ii).

Once the Attorney General has received an application for adjustment of status, he may adjust the alien's status if: "(A) the alien is eligible to receive an

3

immigrant visa and is admissible to the United States for permanent residence; and (B) an immigrant visa is immediately available to the alien at the time the application is filed." 8 U.S.C. § 1255(i)(2)(A)-(B).

In Zafar v. U.S. Att'y Gen., we addressed adjustment of status relief under § 1255(i) in the labor context. 461 F.3d at 1362. There we held that the IJ committed no abuse of discretion by denying the petitioners' motion to continue the removal proceeding where the petitioners did not yet have approved labor certifications and had not filed visa applications or applications for adjustment of status under § 1255(i). Id. This holding was based on the fact that the petitioners failed to satisfy the statutory criteria for adjustment of status under § 1255(i)(2), namely, eligibility to receive an immigrant visa and the immediate availability of such a visa. Id. at 1363-64. In Merchant v. U.S. Att'y Gen., 461 F.3d 1375, 1377-80 (11th Cir. 2006), we found an abuse of discretion in the IJ's denial of a continuance where the petitioner had an approved labor certification and had filed both a visa application and an application for adjustment of status. Even though he did not have the visa in hand, the petitioner met the statutory criteria. Id. at 1378-79. We distinguished Merchant from Zafar, as Merchant "expressly left open issues involving stages of this process beyond the mere filing of the application for labor certification." Id. at 1380. In Haswanee v. U.S. Att'y Gen., 471 F.3d 1212, 1216-17 (11th Cir. 2006), after similarly distinguishing Zafar, we applied

4

Merchant and held that the IJ abused his discretion by denying a motion for continuance where the petitioner had an approved labor certification, had filed a visa petition, but had not filed an application for adjustment of status under § 1255(i). This holding was again based on the fact that the petitioner had satisfied the statutory criteria for adjustment of status under § 1255(i)(2). Id. at 1217-18.

In the present case, to continue the removal proceeding, Lindsay was required by our precedent to demonstrate that she was eligible for adjustment-of-status-relief under § 1255(i)(2). She failed to do so. The BIA did not abuse its discretion in dismissing her appeal. Her petition is therefore due to be denied.

**PETITION DENIED**.