[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12606
Non-Argument Calendar
_____

Agency No. A089-569-047

BOMA LAWRENCE EKIYOR,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(January 6, 2017)

Before WILSON, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Boma Ekiyor asked the Board of Immigration Appeals (BIA) to continue his

removal proceedings while he applied to the United States Citizenship and

Immigration Services (USCIS) for a waiver of the conditional basis of his permanent resident status. The BIA declined to grant Ekiyor a continuance and affirmed an Immigration Judge's (IJ) order of removal. Ekiyor petitions for review of the BIA's decision, arguing that the BIA abused its discretion in disposing of his request for a continuance.[1] After careful review of the parties' briefs and the record, we deny Ekiyor's petition.

## I

We review for abuse of discretion the BIA's refusal to grant Ekiyor a continuance. *See Merchant v. U.S. Att'y Gen.*, 461 F.3d 1375, 1377 (11th Cir. 2006). A continuance may be provided in a removal proceeding if "good cause [is] shown." *See Chacku v. U.S. Att'y Gen.*, 555 F.3d 1281, 1285 (11th Cir. 2008) (per curiam) (internal quotation marks omitted).

## II

Ekiyor was granted conditional permanent resident status after marrying a United States citizen. *See* 8 U.S.C. § 1186a(a)(1) (2013) ("[A]n alien spouse . . . shall be considered, at the time of obtaining the status of an alien lawfully admitted for permanent residence, to have obtained such status on a conditional basis . . . ."). However, the USCIS ultimately found that Ekiyor's marriage is not a "proper

---

[1] In his brief, Ekiyor solely asserts that the BIA erred in not granting him a continuance. He has abandoned all other issues that were before the BIA. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

marriage" under the Immigration and Nationality Act (INA), *see id.* § 1186a(d)(1), and the Department of Homeland Security initiated removal proceedings against Ekiyor, *see id.* § 1186a(c)(3)(C). An IJ agreed with the USCIS's finding and ordered removal of Ekiyor.

Ekiyor appealed to the BIA. In his brief to the BIA, he requested a continuance to allow him to pursue a waiver application with USCIS based on extreme hardship. Upon proof of "extreme hardship," USCIS can waive "the conditional basis of the permanent resident status for an alien who" fails to show that his marriage is proper under the INA. *Id.* § 1186a(c)(4). The BIA construed Ekiyor's request for a continuance as a motion to remand to the IJ and denied the request, finding that Ekiyor did "not provide[] any evidence to establish his eligibility for" relief based on hardship. The BIA then affirmed the IJ's decision.

III

The BIA did not abuse its discretion in declining to grant Ekiyor a continuance. Ekiyor failed to show good cause for a continuance. The record is bereft of any allegations or evidence suggesting that Ekiyor might be eligible for a hardship waiver. Ekiyor appended his waiver application to his BIA brief, and on the application, he checked a box stating that his removal would cause extreme hardship. However, the application did not include any allegations or evidence supporting Ekiyor's hardship claim. Ekiyor's BIA brief likewise included only a

3

cursory assertion that removal would cause Ekiyor hardship. Ekiyor therefore made no showing that a continuance based on his waiver application was appropriate, and the BIA acted within its discretion in declining to grant him a continuance.[2] *See Zafar v. U.S. Att'y Gen.*, 461 F.3d 1357, 1363–64 (11th Cir. 2006) (holding that IJs properly denied continuances to petitioners who offered merely "the speculative possibility that at some point in the future" they would be eligible for relief from removal).

**PETITION DENIED.**

---

[2] In addition to generally challenging the BIA's refusal to grant him a continuance, Ekiyor appears to assert that the BIA abused its discretion in construing his request for a continuance as a motion to remand. But Ekiyor only briefly raises this argument and offers no case law in support thereof.