[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-13785

Non-Argument Calendar

_____

BASIRU GEORGE,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A216-634-062

_____

Before ROSENBAUM, GRANT, and BLACK, Circuit Judges.

PER CURIAM:

Basiru George, a native and citizen of Gambia, seeks review of the Board of Immigration Appeals' (BIA) final order affirming the immigration judge's (IJ) denial of his motion for a continuance of his removal proceedings. George asserts his United States citizen son filed an I-130 Petition for Alien Relative that was *prima facie* approvable, and the agency abused its discretion in denying his motion for a continuance to await adjudication of that petition. After review,[1] we deny George's petition.

An I-130 petition establishes there is a legal relationship between the petitioner, a U.S. citizen, and the beneficiary, an alien. *Alvarez Acosta v. U.S. Att'y Gen.*, 524 F.3d 1191, 1194 n.6 (11th Cir. 2008). Filing the petition is the first step in a process to adjust an

---

[1] We review the decision to deny a motion for a continuance for abuse of discretion. *Merchant v. U.S. Att'y Gen.*, 461 F.3d 1375, 1377 (11th Cir. 2006). "When reviewing the denial of discretionary relief, we consider whether the exercise of discretion was arbitrary and capricious." *Ferreira v. U.S. Att'y Gen.*, 714 F.3d 1240, 1243 (11th Cir. 2013) (quotations omitted). We review only the decision of the BIA, except to the extent the BIA expressly adopts or explicitly agrees with the IJ's opinion. *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 799 (11th Cir. 2016). Although the BIA did not expressly adopt the IJ's reasoning in full, it "discern[ed] no basis on which to disturb" the IJ's decision. Accordingly, we consider both the BIA's decision and the findings of the IJ, to the extent the BIA relied on them. *See id.*

alien's status to that of a lawful permanent resident.  *Id.*  The Attorney General may, in his discretion, adjust the status of an alien who was inspected and admitted or paroled into the United States if (1) the alien applies to adjust status; (2) the alien is eligible for an immigrant visa and is admissible for permanent residence; and (3) an immigrant visa is immediately available when he filed his application.  8 U.S.C. § 1255(a).

An IJ may "grant a motion for continuance for good cause shown."  8 C.F.R. § 1003.29.  The movant bears the burden of establishing good cause for a continuance.  *Matter of L-A-B-R-*, 27 I. & N. Dec. 405, 413 (AG 2018).  In considering a motion for a continuance, the agency must articulate or weigh: (1) the Government's response to the continuance motion; (2) whether the underlying visa petition was *prima facie* approvable; (3) the alien's statutory eligibility for adjustment of status; (4) whether the alien's adjustment of status application merited a favorable exercise of discretion; and (5) the reason for the continuance and other procedural factors. *Ferreira v. U.S. Att'y Gen.*, 714 F.3d 1240, 1243 (11th Cir. 2013) (citing *Matter of Rajah*, 25 I. & N. Dec. 127 (BIA 2009) and *Matter of Hashmi*, 24 I. & N. Dec. 785 (BIA 2009)).  In *Matter of L-A-B-R-*, the Attorney General held that, in determining there was good cause for a continuance pending adjudication of collateral relief, the IJ "must focus principally" on (1) the likelihood the litigant will receive the collateral relief, and (2) whether the relief will materially affect the outcome of the removal proceedings. 27 I. & N. Dec. at 413.  The Attorney General specifically noted BIA

precedent as well as the precedents in the federal courts "fore-close[d] the argument that any filing of a collateral petition that could conceivably provide relief from removal supplies good cause for a continuance." *Id.* at 414.

The agency did not abuse its discretion by refusing to grant George a continuance. George's case had been continued three times already, and in granting George a second continuance, the IJ informed George that if he did not file all applications for relief before the next hearing date, the IJ would "deem that they have been abandoned." Additionally, George did not submit a copy of his I-130 petition into evidence and submitted no other evidence to establish his United States citizen son had filed an I-130 petition on his behalf. *See Merchant v. U.S. Att'y Gen.*, 461 F.3d 1375, 1378-79 (11th Cir. 2006) (holding the denial of a continuance amounted to an abuse of discretion because when the alien moved for a continuance he had: (1) an approved labor certificate; (2) an immediately available visa number; (3) filed an employment-based visa petition; and (4) filed an adjustment-of-status application). And, assuming the I-130 petition had been filed, it was not yet approved at the time the IJ denied the continuance. *See* 8 U.S.C. § 1255(a). Without more information on the merits of the petition, the BIA and IJ had no basis to determine whether it was *prima facie* approvable. *See Ferreira*, 714 F.3d at 1243; *Matter of L-A-B-R-*, 27 I. & N. Dec. at 413.

George also admitted he had not been admitted or paroled into the United States. Although he asserted he had filed an I-102

application for a replacement I-94 record of arrival/departure, he did not submit the application into evidence and conceded he had no evidence to prove he had been admitted or paroled into the United States. *See* 8 U.S.C. § 1255(a). Nor had George filed an application for adjustment of status. And in granting George a second continuance, the IJ informed George that if he did not file all applications for relief before the next hearing date, the IJ would "deem that they have been abandoned." George made no showing he was likely to be eligible for an adjustment of status. *See* 8 U.S.C. § 1255(a). With no evidence in the record, the agency had no basis to determine whether George was likely to be granted collateral relief. *See Ferreira*, 714 F.3d at 1243; *Matter of L-A-B-R-*, 27 I. & N. Dec. at 413.

Taking these facts all together, the BIA's decision to affirm the IJ's denial of a continuance was not so baseless as to be arbitrary and capricious, and thus the agency did not abuse its discretion.

**PETITION DENIED.**