[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-15203
Non-Argument Calendar

_____

Agency No. A078-865-787

ANESH GUPTA,

                                                                    Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                                    Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 25, 2020)

Before WILSON, LAGOA, and TJOFLAT, Circuit Judges.

PER CURIAM:

Anesh Gupta is a serial litigant[1] who has endeavored for years to avoid deportation. Proceeding *pro se* here, he petitions for review of the final order of the Board of Immigration Appeals ("BIA") dismissing his appeal from an Immigration Judge's ("IJ") removal order for overstaying his visa under § 237(a)(1)(B) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(1)(B). On appeal, as best we can discern, he makes six separate arguments. He first argues that the IJ lacked jurisdiction to conduct his removal proceedings because he received a notice to appear ("NTA") that did not list the time and place of his removal hearing. Second, he argues that the administrative record is incomplete for review. Third, he contends that the IJ erred by failing to inform him of any potential eligibility for relief from removal or adjustment of his immigration status. Fourth, he challenges the sufficiency of the evidence supporting the BIA's determination that he was removable for overstaying his visa. Fifth, he asserts that the IJ abused its discretion by refusing to continue his removal proceedings to await adjudication of his Form I-751 Petition to Remove Conditions of Legal Permanent Residence ("Form I-751") by the U.S. Citizenship and Immigration Service ("USCIS"). Finally, he argues that the IJ erred by refusing to

---

[1] *See Gupta v. U.S. Att'y Gen.*, 2018 WL 6075494, *1 n.1 (M.D. Fla. Nov. 21, 2018) (noting that Gupta has filed twenty-one lawsuits in the Orlando Division of the Middle District of Florida since 2005, and is "dangerously close to being considered a vexatious litigant.")

issue a subpoena for page one of his Form I-181 Creation of Record of Lawful Permanent Resident ("Form I-181").

## I.

First, we turn to Gupta's argument that the IJ lacked jurisdiction to conduct his removal proceedings because Gupta's NTA did not list the time and place of his removal hearing.  Normally, we lack jurisdiction to consider a claim raised in a petition for review "unless the petitioner has exhausted his administrative remedies with respect thereto." *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006); 8 U.S.C. § 1252(d)(1).  Gupta did not raise this argument before the BIA, so he has not exhausted his administrative remedies.  However, we have, in the past, entertained jurisdictional arguments on appeal because they implicate our own jurisdiction, *see Perez-Sanchez v. U.S. Att'y Gen.*, 935 F.3d 1148, 1153 (11th Cir. 2019) (stating that "we would have no jurisdiction to entertain" a petition for review if "the agency never had jurisdiction over [the] removal proceedings to begin with"); *Patel v. U.S. Att'y Gen.*, 334 F.3d 1259, 1262 (11th Cir. 2003) ("[W]e have jurisdiction to determine our own jurisdiction."), so we will do so here.

Gupta claims that *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), supports his argument that the IJ lacked jurisdiction.  The *Pereira* Court held that a NTA does not meet the criteria of 8 U.S.C. § 1229(a), and does not trigger the stop-time rule

3

that was at issue in that case, if the NTA fails to include the time and place of the noncitizen's removal proceedings. *Id.* at 2113–14. Because his NTA did not include the time or place for his hearing as specified in § 1229(a), Gupta claims that removal proceedings were never validly initiated against him, and the IJ had no jurisdiction to conduct such proceedings. We recently rejected an identical argument in *Perez-Sanchez v. U.S. Attorney General*, where we stated that "the regulation and the statute" governing "the service or filing of an NTA" set forth "only claim-processing rules," not jurisdictional rules. 935 F.3d at 1153. We held that "neither 8 U.S.C. § 1229(a) nor 8 C.F.R. § 1003.14 speaks to jurisdiction," and therefore the "IJ and the BIA properly exercised jurisdiction" over the removal proceedings. *Id.* at 1157. The same circumstances are present here. Gupta's jurisdictional argument is without merit.

## II.

Next, we turn to Gupta's argument that the record preserved from his removal proceedings is incomplete in violation of 8 U.S.C. § 1229a(b)(4)(C). We do not reach questions raised in a petition for review that the BIA has not yet properly addressed in the first instance because we lack jurisdiction to do so. 8 U.S.C. §1252(d) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right.") A petitioner fails to exhaust her administrative remedies with respect to a particular

4

claim when she does not raise that claim before the BIA. *Amaya-Artunduaga*, 463 F.3d at 1250. To exhaust a claim, a petitioner must have previously argued "the core issue now on appeal" before the BIA in a manner sufficient to allow the BIA to adequately review the claim and correct any errors below, including by providing the BIA with the factual underpinnings of the argument if applicable. *Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1297 (11th Cir. 2015) (internal quotations omitted).

Here, we lack jurisdiction over Gupta's claim that the administrative record is incomplete for review as he did not raise that argument before the BIA and therefore failed to administratively exhaust it. Accordingly, we dismiss Gupta's petition with respect to this claim.

We reach a similar result with respect to Gupta's argument that the IJ violated 8 C.F.R. § 1240.11(a)(2), and his due process rights, by failing to inform him of eligibility for relief from removal or adjustment of his immigration status. Gupta raised this issue before the BIA, but merely stated in conclusory fashion that "[t]he IJ did not inform [him] of any relief from removal for which he may have been eligible."[2] This single sentence that merely states the regulatory standard Gupta claims was violated is insufficient to establish that Gupta administratively

---

[2] The BIA rejected this argument by noting that Gupta "has not identified any forms of relief for which he is eligible or otherwise established that he was prejudiced by the [IJ]'s conduct."

exhausted this argument before the BIA because the BIA did not have an opportunity to meaningfully review it. *See Indrawati*, 779 F.3d at 1297 ("Unadorned, conclusory statements do not satisfy [the exhaustion] requirement.") Accordingly, we also lack jurisdiction to review this claim, and so we must dismiss it.

### III.

Next, we review Gupta's argument that there was insufficient evidence to support the agency's[3] determination that he was removable for overstaying his visa. Specifically, Gupta claims that he has proven that he was granted an adjustment of his immigration status to that of a permanent resident, and that the government has been unable to rebut that proof and establish his removability.

An alien is removable if he is present in the United States in violation of the INA or any other law of the United States, or whose nonimmigrant visa or other documentation authorizing admission into the United States has been revoked. 8 U.S.C. § 1227(a)(1)(B). The government bears the burden of presenting clear and convincing evidence that the alien is removable. 8 U.S.C. § 1229a(c)(3)(A). On

---

[3] We use the term "agency" because our role is to review the BIA's determination of whether the factual findings of the IJ were clearly erroneous. 8 C.F.R. § 1003.1(d)(3)(i). Both decisions are therefore relevant for our review of the factual basis for Gupta's removability. For issues other than factual findings, both decisions may also be relevant. *See Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001) ("[W]e review only the Board's decision, except to the extent that it expressly adopts the IJ's opinion . . . . Insofar as the Board adopts the IJ's reasoning, we will review the IJ's decision as well.")

petition for review, we scrutinize the agency's findings of fact "under the highly deferential substantial evidence test." *Silva v. U.S. Att'y Gen.*, 448 F.3d 1229, 1236 (11th Cir. 2006) (internal quotations omitted).  Under this standard of review, we may not "reweigh the evidence from scratch," and will reverse the agency's findings of fact only when any reasonable adjudicator would have been compelled to conclude to the contrary.  *Id.* (internal quotations omitted).

Here, substantial evidence supports the agency's determination that Gupta was removable, as he overstayed his visitor visa and his application for permanent resident status based on his marriage to Schultz was denied.  The IJ heard evidence that Gupta entered the United States in 2001 on a B1/B2 visitor's visa, with an expiration date of June 16, 2002, which Gupta does not dispute.  The IJ, and the BIA on appeal, considered evidence that both Gupta's Form I-130 (Petition for Alien Relative) and Form I-485 (Application to Register Permanent Residence or Adjust Status) had been denied by the USCIS, indicating that Gupta did not qualify for a status adjustment that would render him non-removable after his visa expired.[4]  The agency considered supporting documentary evidence, including: (1) USCIS's notice of intent to deny Gupta's I-130 petition, (2) Gupta's form I-181 to

---

[4] These denials were affirmed by the United States District Court for the Middle District of Florida when Gupta filed a lawsuit challenging their legality under the Administrative Procedure Act and their constitutionality, among other things. *Gupta v. U.S. Att'y Gen.*, 2015 WL 5687829 (M.D. Fla. Sept. 25, 2015); *Gupta v. U.S. Att'y Gen.*, 2017 WL 4217355 (M.D. Fla. May 24, 2017).

7

establish his status as a lawful permanent resident, stamped "DENIED," (3)

Gupta's I-130 petition, stamped "DENIED," (4) Gupta's I-485 application for

status adjustment, stamped "DENIED," and (5) formal letters to Gupta and his

spouse indicating that both the I-130 and I-485 applications were denied due to

evidence that his marriage was not in good faith and was intended to circumvent

immigration laws.  Additionally, the IJ heard testimony from Officer McCormick,

the USCIS officer to whom Gupta's case was assigned; Officer McCormick

testified that she had denied all of the aforementioned petitions because she

believed Gupta had engaged in marriage fraud.  The agency ordered Gupta

removed to India after considering all this evidence, presented over eight years of

removal proceedings and seventeen hearings before various IJs.  We find that,

based on this record, substantial evidence supports the agency's conclusion that

Gupta was removable.[5]  Thus, we deny Gupta's petition with respect to this claim.

IV.

Next, we turn to Gupta's claim that that the IJ violated his rights under 8

U.S.C. § 1229a(b)(4)(B) by preventing Gupta from having a reasonable

---

[5] Gupta asserts that a statement made by the District Court in its order in *Gupta v. U.S. Att'y Gen.*, 2015 WL 5687829, at *9 (M.D. Fla. Sept. 25, 2015), conclusively proves that he has been granted an adjustment to conditional permanent resident status.  Despite the District Court's apparent reference to "Gupta['s] conditional resident status" in this particular order, there is a plethora of evidence in the record indicating that all of Gupta's petitions to adjust his immigration status to a permanent resident were denied, and an offhand statement in one of the more than twenty District Court orders that Gupta has necessitated does not tip the balance of the evidence in his favor.

opportunity to present evidence on his own behalf.  He claims that the IJ did so by refusing to grant a continuance of Gupta's removal proceedings to await adjudication of his I-751 petition by the USCIS.  We note that Gupta's I-751 petition has already been rejected by the USCIS and the "adjudication" he awaits is the conclusion of a lawsuit, currently pending on appeal before this Court, asking the Court to grant a writ of mandamus compelling the USCIS to accept and adjudicate his Form I-751.

We review the agency's denial of a motion for continuance for an abuse of discretion.  *Merchant v. U.S. Att'y Gen.*, 461 F.3d 1375, 1377 (11th Cir. 2006).  An IJ may "grant a motion for continuance for good cause shown."  8 C.F.R. § 1003.29.  In considering whether good cause has been shown, the IJ is required to articulate or weigh: (1) the government's response to the continuance motion; (2) whether the underlying visa was *prima facie* approvable; (3) the alien's statutory eligibility for adjustment of status; (4) whether the alien's adjustment of status application merited a favorable exercise of discretion; and (5) the reason for the continuance and other procedural factors.  *Ferreira v. U.S. Att'y Gen.*, 714 F.3d 1240, 1243 (11th Cir. 2013) (citing *Matter of Hashmi*, 24 I & N Dec. 785 (BIA 2009) and *Matter of Rajah*, 25 I & N Dec. 127 (BIA 2009)).

Here, the agency did not abuse its discretion by refusing to continue Gupta's removal proceedings because Gupta has not shown good cause.  Although Gupta

had petitioned to remove his conditions of permanent residence with USCIS via Form I-751, his eligibility for relief was foreclosed by USCIS's finding that he does not possess conditional permanent resident status.  On that basis, the USCIS rejected his I-751 petition.  Gupta seeks to challenge the USCIS's determination by petitioning the District Court for a writ of mandamus compelling the USCIS to accept and review his I-751 petition.  The agency did not abuse its discretion in finding that the mere possibility that the exceptional collateral relief of mandamus would be granted (an unlikely outcome) did not constitute good cause to grant Gupta a seventeenth continuance of his removal proceedings.  *See Matter of L-A-B-R-*, 27 I & N Dec. 405, 413 (A.G. 2018) ("An immigration judge considering a motion for continuance to await the resolution of a collateral matter must focus principally on two factors: (1) the likelihood that the alien will receive the collateral relief, and (2) whether the relief will materially affect the outcome of the removal proceedings.")  Accordingly, we deny Gupta's petition for review on this ground.

## V.

Finally, we turn to Gupta's argument that the IJ erred by refusing to issue a subpoena compelling the USCIS to produce page one of his Form I-181.  Gupta claims that denial of the subpoena request offends his rights under 8 U.S.C. § 1229a(c)(2)(B), which states that when an alien has the burden of proving lawful

10

presence in the country, he "shall have access to [his] visa or other entry document, if any, and any other records and documents . . . pertaining to the alien's admission or presence in the United States."  8 U.S.C. § 1229a(c)(2)(B).

At any time during the hearing, an alien may request that the IJ issue a subpoena commanding a witness to produce documents "upon a satisfactory showing that the presence of the witness is necessary for the determination of any material matter."  8 U.S.C. § 1534(d)(1).  A party who requests a subpoena for a document must state what he expects to gain by production of the document and show that he has already made diligent efforts to obtain the document without success.  8 C.F.R. § 1003.35(b)(2).  The IJ has "exclusive jurisdiction to issue subpoenas," and "[u]pon being satisfied that . . . [the] evidence is essential, the [IJ] *shall* issue a subpoena."  8 C.F.R. § 1003.35(b)(1), (3) (emphasis added).

Gupta's request for the first page of the I-181 form seemingly stems from his long-argued contention that a government official broke into his apartment and stole the first page of this form in order to prevent him from proving that he was approved as a lawful permanent resident.  The IJ did not err by refusing to issue a subpoena for that page of the form.  As noted by the BIA, it is the government, not Gupta, who has the burden of proving removability, so 8 U.S.C. § 1229a(c)(2)(B) is not applicable to this case.  Furthermore, Gupta has not made a showing that the so-called "first page" of his I-181 form is essential evidence, as the record already

11

contains a photocopy of third page of his I-181 form with a stamp indicating that it was denied by the USCIS.  He merely continues to contend, without evidence, that the first page of the same form somehow proves that his I-181 application was actually granted.  The IJ and the BIA found this unsatisfactory, and so do we. Accordingly, we deny Gupta's petition with respect to this claim.

**PETITION DENIED IN PART AND DISMISSED IN PART.**[6]

---

[6] Gupta's motion to take notice of unlawful execution of his removal order is **DENIED** because we are barred from engaging in fact-finding in the course of reviewing final orders of removal.  *See Najjar v. Ashcroft*, 257 F.3d 1262, 1278 (11th Cir. 2001).  Furthermore, his allegations are not likely to change the ultimate outcome, as they do not bear on whether the agency's removability determination was supported by substantial evidence and whether it abused its discretion or erred in denying his motions for a subpoena and/or a continuance.  *See Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997).

In addition, the government's motion for acceptance of a late-filed opposition to this motion is **DENIED** as moot.